[No. 3073.   Decided October 19, 1898.]

THE STATE OF WASHINGTON, *Respondent,* v. D. M. MC-CORMICK, *Appellant.*

INFORMATION — DUPLICITY — MISCONDUCT OF COURT — INTERFERENCE
WITH JURY.

The fact that under an information charging the defendant with the crime of assault with a deadly weapon he might be convicted of assault and battery, or an assault, does not render it invalid as charging more than one crime, since these are but lesser grades of the offense charged.

A conviction will be reversed where the court, without permission of the defendant, delivered to certain of the jurors letters and a newspaper addressed to them, although the letters were from a distance and had been in transit for several days, and the newspaper contained nothing relative to the cause on trial.

Appeal from Superior Court, Stevens County.—Hon. CHARLES H. NEAL, Judge. Reversed.

*William J. Galbraith,* and *John B. Slater,* for appellant.

*H. G. Kirkpatrick,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—The defendant has appealed from a conviction and sentence on the following information:

" H. G. Kirkpatrick, prosecuting attorney in and for the county of Stevens and state of Washington, comes here into court and in the name and by the authority of the state of Washington, gives the court to understand and be informed that the said defendant, D. M. McCormick is hereby charged with the crime of assault with a deadly weapon with intent to commit murder, committed as follows, to-wit:

" That on the 11th day of February, A. D. 1898, at the county of Stevens and state of Washington, D. M. McCormick, then and there being, did then and there unlawfully, feloniously, maliciously, purposely and forcibly assault, beat, cut, stab and wound one William Duncan, with a deadly weapon, to-wit: A knife which he the said D. M. McCormick, then and there had and held in his hand with intent then and there to kill and murder him the said William Duncan, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Washington."

It is contended that a demurrer to the information should have been sustained by the court, because it charges more than one crime. This information was evidently drawn under § 22 of the Penal Code (Bal. Code, § 7057). Although, in the preliminary part, assault with a deadly weapon is stated, it was not sufficient, and evidently was not intended, to charge an offense under § 23 (Bal. Code, § 7058); and the fact that under this information defendant might have been convicted of assault and battery, or an assault, under §§ 19 and 20 (Bal. Code, §§ 7054, 7055), would not affect its validity, these being but lesser grades of the offense charged.

A number of questions have been presented upon the appeal, which will not be considered, as they are not likely to arise upon a re-trial, and the cause must be reversed upon the fourth error assigned. · It is based upon the following facts: After the jury had retired to consider the case, the court authorized two letters and a paper to be delivered to certain of the jurors. This matter was presented in a motion for a new trial, whereupon the court made the following statement, which is incorporated in the record:

" 'Yesterday during the noon recess and just before court convened, the bailiff, Mr. Aubin, handed me two letters addressed to two of the jurors then serving upon the jury in this case, and wanted my permission to deliver such letters to the jurors addressed, and also at the same time a newspaper. After examining the letters and seeing that they were both from a considerable distance from Stevens county, and had been in transit for several days, said bailiff was permitted to deliver the letters to the jurors addressed, and after examining the paper and seeing that it contained nothing relative to this cause, permitted it to be delivered to the juror.' "

The matter was not submitted to the defendant for his permission, and we think it was error for the court to send

the letters in question to the jurors for whom they were intended. It is the intention of the law that jurors in all actions shall be most carefully guarded from outside influences; and while it is probably true, in this case, that the documents sent in did not influence them in arriving at their verdict, it is possible that they did so. It is certainly conceivable that the envelopes containing the letters might have been opened and communications to the jury inserted therein, and the envelopes again sealed in such a manner as to escape detection. There is no claim that the court opened or examined the letters. It is not necessary to establish that the letters did contain anything damaging to the defendant. The opportunity was given, and the fact that they might have contained something of the kind is sufficient.

The judgment is reversed and the cause remanded for a new trial.

DUNBAR, REAVIS, ANDERS and GORDON, JJ., concur.