[No. 4378. Decided January 5, 1903.]

THE STATE OF WASHINGTON, *Respondent*, v. W. J. YOU-REX, *Appellant*.

HOMICIDE — ADMISSIBILITY OF EVIDENCE — CERTIFIED CONSTABLE'S BOND.

A copy of the bond of a constable, certified by the county clerk, is admissible in evidence to establish the official character of an individual as constable, since the county clerk is the proper custodian of the bonds of constables, under Laws 1889-90, p. 34, which makes such officer the custodian of the official bonds of all county and township officers.

SAME — WARRANT OF ARREST — VALIDITY.

Under Bal. Code, §§ 6678, 6683, 6695, which require only the substance of the complaint to be recited in a warrant of arrest for misdemeanor, a warrant is not void on its face when it authorizes the officer to arrest defendant for defacing a building, described as the property of B. "and divers other persons," further reciting that it was not the property of defendant.

SAME.

The fact that a warrant for the arrest of defendant for defacing a building belonging to private parties recited that the building was upon the public highway would not render the warrant void on its face, inasmuch as there are circumstances when such a building may lawfully be upon the public highway.

SAME — OBJECTIONS TO EVIDENCE — WAIVER.

Where a warrant of arrest had been admitted in evidence without objection, except to the purported return indorsed on the back thereof, which was ruled out, it was not error to permit the warrant itself to be taken to the jury room, although containing the return on its back which was not in evidence, since the defendant waived all objections by permitting the introduction of the warrant in evidence without asking for the obliteration or concealment of the indorsement.

SAME — VALIDITY OF WARRANT — QUESTION OF LAW.

The question of whether a warrant of arrest was either valid or void upon its face being one of law, it was not error for the court to charge the jury that the warrant authorized an officer to make the arrest, where the court had already determined in favor of its validity.

SAME — INSTRUCTIONS — INFERENCES FROM FACTS.

In a prosecution for murder, the refusal of requested instruction that no unfavorable inference should be drawn against the defendant from the fact that he carried a loaded revolver upon his person at the time of and immediately prior to the commission of the act for which he was being tried, was not error, since the inferences deducible from the facts in evidence were questions wholly for the jury.

SAME — INFORMING JURY OF PENALTY AFTER THEIR RETIREMENT.

The fact that, after a jury in a prosecution for murder had retired to the jury room, they were brought back into court at their own request, and informed as to the statutory penalty for the crime of manslaughter, would not constitute error.

Appeal from Superior Court, Chehalis County.—Hon. Mason Irwin, Judge. Affirmed.

*W. H. Abel* and *A. M. Abel,* for appellant.

*J. A. Hutcheson,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

Fullerton, J.—The appellant was informed against for the crime of murder in the first degree, tried upon the charge, and found guilty by the jury of the crime of manslaughter. From the judgment of conviction pronounced upon the verdict, he appeals. The facts necessary to an understanding of the errors assigned, briefly stated, are these: On November 13, 1901, a complaint was filed before one of the justices of the peace for Cosmopolis precinct, Chehalis county, charging the appellant with having committed the statutory misdemeanor of defacing a building not his own. On the filing of this complaint the justice issued a warrant commanding the sheriff or any constable of the county to forthwith apprehend the appellant, and bring him before the justice to be dealt with according to law. In the body of the warrant the offense of which the appellant was accused was recited in the following lan-

guage: "that on the 6th day of November, 1901, at Canto, in said county, that one W. J. Yourex, then and there being, did then and there wilfully and unlawfully deface and tear down and destroy one certain building standing and being on the county road in section number 7, township 15 N., range 9 West, Willamette Meridian, known as the 'Warehouse,' and which said building was then and there owned by said W. H. Bowen and divers other persons, and was not the property of the said W. J. Yourex nor owned by him." This warrant was placed in the hands of one C. Y. Fenwick, a constable for Cosmopolis precinct, for service, who immediately proceeded to the residence of the appellant, which was at some considerable distance from Cosmopolis, reaching there early in the morning of the 15th of November. While on his way, the constable passed the houses of two of the neighbors of the appellant, informed them of his business, and took them with him to the appellant's house. As to what occurred after the parties reached the house, there is a dispute in the evidence. The officer and the neighbors accompanying him testify that the warrant was read to the appellant, and that he was duly placed under arrest. They say further that the appellant objected to going to Cosmopolis on that day, giving as his reason that he had a contract for carrying the United States mail; that the next day was one of the days when he was required to make a trip, and he feared he could not return in time to perform that duty; and that the officer answered him by saying that his case could hardly be tried that day, and he could doubtless make arrangements to return. The appellant denies that he was placed under arrest then, or at any time, for the charge contained in the warrant, but testifies that he was told by the officer that he was being summoned in a civil action, and that he could go to Cosmopolis on that day, and return in time to

carry the mail on the next, and that he went along with the officer with that understanding. The officer and the appellant reached Cosmopolis between two and three o'clock in the afternoon. They went at once to the justice's office, when the appellant immediately became engaged in a conversation with the justice concerning his case. On the road to Cosmopolis the officer had discovered that the appellant was armed, and, while the justice and the appellant were talking, he left them, and went after one Silas W. Smith, who was then acting as marshal of the town of Cosmopolis. When the officer returned to the justice's office with Smith, they approached the appellant, and the constable asked him if he was armed, at the same time saying that it was his duty as an officer to take his arms away from him, if he had any. On the constable's making this statement, the appellant immediately arose to his feet from the chair in which he was sitting, drew his revolver, and declared he would not give it up; that the officer had no right to take it; that he was a United States mail carrier, and no one but a United States marshal could take his arms from him. Both the constable and Smith drew their revolvers when the appellant arose. After he had made his statement, they expostulated with him, telling him he was under arrest, and that it was his duty to give up his revolver. The appellant, however, persisted in his refusal, saying finally that he was going home, and at the same time he backed to the office door, and from thence to the middle of the street, keeping his revolver pointed in the direction of the officers, who were following him. On reaching the middle of the street, the appellant attempted to discharge his revolver at one of the officers, but it missed fire, and the next instant all three of the revolvers were discharged. The shooting continued until all of the revolvers were emptied, resulting in the death of Smith, and

the serious wounding of the others. It was for killing Smith that the appellant was tried and convicted.

Among the proofs offered to show the official character of Fenwick was a certified copy of his official bond as constable. The certificate thereto was made by the county clerk, and it is objected that the copy was inadmissible as evidence, because the clerk is not, under the statute, the lawful custodian of the official bonds of constables elected or appointed in their respective counties. Formerly the law made the county auditor the legal custodian of bonds filed by constables on their qualification, but by the act of February 13, 1890, it is provided that the official bonds of all county and township officers shall be filed and recorded in the office of the county clerk of their respective counties. Laws 1889-90, pp. 34, 35. The terms "county and township officers" includes constables, and makes the county clerk the legal custodian of their official bonds. No error was committed by the court, therefore, in permitting the certified copy of the bond to be introduced in evidence.

The appellant objected to the introduction in evidence of the warrant of arrest issued on the complaint charging him with a misdemeanor, giving as a reason therefor that the warrant is void upon its face, and insufficient to authorize an officer holding it to make an arrest. It is said, first, that the warrant is insufficient in its recitals, in that it does not give the names of the owners of the building, but we think the warrant was sufficiently specific in that regard. Under the statute (Bal. Code, §§ 6678, 6683, 6695) the warrant need recite only the substance of the complaint, and here the warrant gave the names of the owners as W. H. Bowen and divers other persons, further reciting that it was not the property of the appellant. Where substance, only, in the recitals, is required, this is sufficient as to the ownership. It is next said that the

building defaced is on the public highway, and that it
must have been, for that reason, a public nuisance, which
any person could abate without committing a misdemea-
nor.    But this argument assumes that a building belong-
ing to a private person can not, under any circumstances,
lawfully be on a public highway.    Such, however, is not
the rule.    There are many instances which will readily
occur to anyone where the building of a private person may
lawfully be on a public highway; and when it is there
lawfully it is, of course, as much a crime to deface it as it
would be to deface it under any other circumstances, or in
any other place.    As a misdemeanor could have been com-
mitted under the conditions recited in the warrant, the
warrant was not void upon its face, and would justify an
officer in executing it.    It was competent evidence, there-
fore, to show the officer's authority for making the arrest
brought in question on the trial, and no error was commit-
ted by admitting it in evidence.

On the back of the warrant was a purported return of
the officer who had it in hand for execution.    How it got
there, or by whom or under what circumstances it was
made, the record offers no explanation.    When the warrant
was offered in evidence, objection was made to this return
going to the jury, which objection the trial court sustained;
saying that it was not the return of the officer at all, and
could not be so considered by the jury.    The warrant was
then put in evidence without any request that the objec-
tionable part be obliterated or otherwise concealed from
the eyes of the jury, or any objection to its going to the
jury in the form it then was.    At the close of the trial the
appellant objected to the warrant being sent to the jury
room with the other exhibits in the case, because it had in-
dorsed thereon the objectionable return.    The trial court
overruled the objection, and error is assigned thereon.

Had the appellant requested that the return be concealed from the jury at the time the warrant was introduced in evidence, it perhaps would have been error on the part of the trial judge to have refused to do so. But, having failed to make such a request, or object to the introduction in evidence of the warrant until the objectionable part was concealed, he waived all objections to its introduction on that ground, and cannot afterwards raise the question by objecting to the exhibits being treated as part of the evidence of the cause. The cases of *State v. Moody,* 18 Wash. 165 (51 Pac. 356), and *State v. McCormick,* 20 Wash. 94 (54 Pac. 764), are not in point on the question presented here. In the first of these cases it was held to be reversible error to permit, over the objection of the defendant, a dying declaration to go to the jury room as an exhibit, on the principle that it was in the nature of a deposition, and, as the statute did not permit depositions to go to the jury room, it likewise excluded dying declarations. Presumably—although the court does not so state—the declaration in this case was reduced to writing, and that it was the writing containing the declaration of which the court was speaking. Clearly, such a writing would not be an exhibit. It was simply the testimony of the deceased witness reduced to writing, which, like the testimony of a witness given orally, or read from a deposition, must be left to rest in the memory of the jurors after it has once been given to them. The second case was one where papers entirely foreign to the case on trial were suffered to be taken to the jury room over the objection of the defendant. But here the warrant was an exhibit entitled to go to the jury room. It could only be kept out on the ground that it was inadmissible as evidence; and this question, as we say, was waived by failing to make the objection at the proper time.

The court charged the jury that the warrant issued on the complaint was valid and legal, and authorized an officer to whom it was directed to arrest the person therein named. This is assigned as error. The only question urged against the validity of the warrant was that it was void upon its face. This was a question of law, purely, which did not involve a question of fact, or mixed question of law and fact, and consequently was a question for the court. It was not error, therefore, for the court to charge the jury as to its validity or invalidity. That the law on the question was correctly stated, we have shown by what has been said as to its admissibility in evidence. The contention is also made that the court assumed, in certain of his instructions, that Fenwick was a constable, and had authority to execute writs of court. Aside from the fact that we find no contest in the evidence on this question, the charge as a whole does not bear out the claim. The court instructed the jury on both theories, and left the question for them to determine. As to the requested instructions which were refused, the court properly refused to instruct the jury that no unfavorable inference should be drawn against the defendant from the fact that he carried a loaded revolver upon his person at the time of and immediately prior to the commission of the act for which he was being tried. The fact that he was so armed necessarily appeared in the evidence. The appellant felt called upon, and the court permitted him, to give his reason for carrying a revolver on that day. What inferences were to be drawn therefrom was a question wholly for the jury, and it would have been improper for the court to have instructed them either way in regard thereto. The other requested instructions, in so far as they were proper at all, were covered by the instructions given.

After the case had been submitted to the jury, and after they had been out for some time considering it, they were brought into court at their own request, and inquired, through their foreman, if it was proper for the court to inform them what the statutory penalty was for the crime of manslaughter. The court, over the objection of the appellant, gave them the requested information, and his action in that regard is assigned as error. Under ordinary circumstances, either as a part of his general charge, or incidentally in the progress of the trial, we are satisfied that it is not error for the court to inform the jury what the statutory penalty is for the offense of which the defendant stands accused. To hold it error is to hold that knowledge of the penalty for the offense of which a defendant stands accused on the part of a person called to sit as a juror on the trial of such defendant is a disqualification to sit as a juror on that case, and a ground of challenge for cause. Such is not the rule. These penalties are fixed by legislative enactments, are a part of the public statutes of the state, which every citizen, whether liable to jury service or not, has the right to examine and inform himself upon. Nor is such knowledge made a disqualification for jury service by statute. Certainly, it is too much to say that information which one may acquire from the public statutes, and which is not made a disqualification by positive law, becomes a disqualification when obtained on a trial in a court of justice. It may be, and it seems to be generally held, that it is discretionary with the trial court whether it will give this information to the jury or not (See the cases collected in 11 Enc. Pl. & Pr., p. 208); but it must be an extreme case which would require a reversal because such information was given. We do not find that the one before us is such a case.

The other errors assigned, while carefully examined, we have not found it necessary to discuss specially. On the whole, the appellant had a fair and impartial trial, and the verdict of the jury was certainly as favorable to him as the facts warranted.

The judgment is affirmed.

REAVIS, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.