[No. 21747. Department Two. August 20, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. EFFIE CLAUGHTON et al., *Appellants*.[1]

*John F. Aiken* and *Justin C. Maloney*, for appellants.

*Chas. W. Greenough* and *Del Cary Smith, Jr.*, for respondent.

MAIN, J.—Effie Claughton and Gus Pappas were charged by information with the crime of being jointists, to which they pleaded not guilty. The trial re-

[1]Reported in 279 Pac. 734.

sulted in a verdict finding both defendants guilty as charged. Motion for new trial was made and overruled, and from the judgment and sentence, the defendants appeal.

■ There is but one assignment of error, and that relates to the testimony of the officer that arrested Mrs. Claughton as to a statement that she made at the time of the arrest. While the officer was testifying, the following occurred:

"Q. Mr. Peterson, I will ask you if you have ever seen either of the defendants in this case who sit at the far end of this table? A. Yes, sir, I have. Q. Both of them? A. Yes, sir. Q. And where and when was that, do you remember? A. On the night of June 18 at the Sapphire hotel. Q. The night of June 18 at the Sapphire hotel? A. Yes, sir. Q. And what was your purpose there? A. I arrested them at that time on a warrant. Q. You had a warrant for their arrest? A. Yes, sir. Q. When you went into the Sapphire hotel, which one of the defendants did you see first? A. I saw the man, Gus Pappas his name is, at the head of the stairs. Q. Speak a little louder. A. I saw the man at the head of the stairway at the entrance. Q. And when did you see the lady? A. Just a minute or so later in the office. Q. And what did the lady say, if anything? A. I asked her her name, and she told me, and I told her who I was and I had a warrant for her arrest, and she said, 'My God, again,' something to that effect. Mr. Aiken: Now, if your honor please, we object to any admissions, and especially the admission he is about to make, on the ground and for the reason there has not been any *corpus delicti* established. The admissions of these defendants until such time as there has been a *corpus delicti* established in this case are inadmissible. There has not been any proof, in other words, that there has been a crime committed at this time. Mr. Smith: Oh, I suppose technically he is right. I could call the chemist and prove that this is intoxicating liquor. That is the only thing that remains to be done to prove the *corpus delicti*. The Court: Objection overruled. Mr. Aiken: Ex-

ception.  MR. SMITH:  Q. Mrs. Claughton said, 'For God's sake, again,' or something like that.  A. Yes, sir, words to that effect.  Q. You brought the defendants in to the court house at that time?  A. Yes, sir, I did.''

It will be observed that the officer, in response to a question, testified that Mrs. Claughton said at the time of her arrest, ''My God, again,'' or something to that effect.  The question was answered before any objection was made.  The objection was

''. . .  to any admissions, and especially the admissions he is about to make, on the ground and for the reason that there has not been any *corpus delicti* established . . .''

No motion was made to strike the testimony and have the jury instructed to disregard it.  The question having been answered before the objection was made, no error can be predicated upon the answer of the witness in the absence of a motion to strike it.  16 C. J., pp. 874 and 879; *State v. Yourex,* 30 Wash. 611, 71 Pac. 203; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989.

To what extent an arresting officer may testify to declarations made by the person arrested at the time of the arrest, is not necessarily involved upon this appeal, and we express no opinion thereon.

The judgment will be affirmed.

TOLMAN, PARKER, FRENCH, and MILLARD, JJ., concur.