## MARY J. HALL *et al.*
### *v.*
## WILLIAM H. DAVIS.

1. PROCESS — *of the summons — what sufficient.* When the venue of a writ is, "State of Illinois, Jackson county," and the process was directed to "the sheriff of Jasper county," commanding him to summon the defendants "to appear before said Circuit Court, on the first day of the next term thereof, to be holden at the court house, in Murphysboro," etc.,—*held,* that in this no ambiguity existed; the place where the court was to be held, and where the defendants were summoned to appear, being certain.

2. FORMER DECISIONS. The cases of *Orendorff* v. *Stanberry,* 20 Ill. 90, and *Gill* v. *Hoblitt,* 23 id. 473, are not in conflict with this rule.

3. INFANTS — *decree against — without a guardian — or an appearance — will be set aside.* Where a decree has been rendered against a minor, without a guardian, or appearance by attorney or otherwise, it will be set aside on proper motion made, and the party will be allowed to make any defense to which he is entitled.

4. DECREE — *cannot be set aside on motion of a person not made a party to the suit.* A decree rendered in a suit will not be set aside on the motion of a person who was not made a party to the proceeding. But, where the decree has been set aside on motion of a party entitled to it, such person may then file his cross-bill and have his rights in the case determined.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. JOHN H. MULKEY, Judge, presiding.

The facts in this case fully appear in the opinion.

Mr. THOMAS G. ALLEN, for the plaintiffs in error.

Mr. W. J. ALLEN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a petition for partition of about seven hundred acres of land, in the Jackson Circuit Court, filed by William H. Davis against James H. and Mary J. Hall. A summons was issued on the 10th day of July, 1856, directed to the sheriff of Jasper county, who returns that he had served it on Mary J. Hall, and that James H. was not found. A notice of the pendency of the suit was published in the "De Soto Farmer," a newspaper printed in Jackson county, for four successive weeks, ending the 7th day of August, 1856. The certificate of publication was made by "John A. Hull, editor," and was filed on the 6th of December, 1856. At the September Term the defendants below were defaulted, and a judgment of partition was rendered, and commissioners were appointed to divide the lands described in the petition. The court found that the ancestor died seized of the lands described in the petition, leaving five children, each of whom inherited one-fifth thereof; that petitioner had purchased the interest of three of the heirs, and that he was then the owner of three-fifths, and the defendants each one-fifth, as heirs of Samuel B. Hall. At the April Term, 1857, the cause was continued; and, at the following December Term, leave was given to amend the petition, and the commissioners reported that they were unable to make partition of the lands without manifest injury to the parties.

Their report bears date on the 22d day of June, 1857, and the oath taken by them bears date the 21st of September, 1857.

At the December Term, 1857, the report of the commissioners was approved, and a decree was rendered ordering the sale of the property on six and twelve months credit, after giving four weeks' notice in four of the most public places in the county where the land was situated, and by a publication thereof in the " Carbondale Transcript." The purchaser was required to give good personal security and a mortgage on the premises to secure the purchase money. A special commissioner was appointed to execute the decree.

Afterward, at the April Term, 1858, the special commissioner reported, that he had sold the property, after giving the notices required by the decree, and that petitioner became the purchaser, at the sum of $1,491, and that he had given the security required by the decree upon receiving a deed. The report was approved. The cause was continued from term to term until the July Special Term, 1859, when a further order of approval of the sale was entered, and the special commissioner was ordered to pay one-fifth of the purchase money to Mary J. Hall, or her guardian, after paying the costs and charges of the sale.

At the May Term, 1865, Mary J. Hall and Harriet B. Hall entered a motion to reinstate the cause on the docket, and to vacate and set aside all of the former proceedings in the case, and for a trial of the cause. This motion was based on their petition, which alleged that they were interested in the lands described in the petition. It alleges that Harriet B. Hall is the widow, and Mary J. Hall is one of the children, of Samuel B. Hall, deceased, who died seized of the lands in question; that he, at the time of his death, left surviving him a daughter named Juliet W. Hall, who inherited one-sixth part of the lands; that she died after her father, intestate, without children, or descendants of children, leaving her mother and brothers and sisters her legal heirs; that the mother inherited two-sevenths of her one-sixth, and Mary J. Hall one-seventh of her one-sixth, of these lands; that Juliet W. Hall was not named

in the previous proceedings in the case, and that the interest which she held had not been found, and her heirs had not been protected in their rights; that Harriet B. owns two-sevenths of a sixth part of the land, and dower of one-third in all of these lands during her natural life; and that Mary J. owns one-sixth and one-seventh of a sixth part thereof; that they were, when the original petition was filed, residing in Jasper county, in this State, and have continued to so reside; that Harriet B. was never made a party to the proceeding; and that Mary J. was, when the suit was commenced, a minor, under eighteen years of age, residing with her mother, and that she never was legally or otherwise notified of the proceeding; that she had not appeared in the case, in person, by attorney, or by guardian. The petition concludes with a prayer for relief, the assignment of the dower of Harriet B., and the partition of the land according to their respective interests therein. It appears that a written notice of the intended application was served on William H. Davis. The motion was heard at the term at which it was entered, and overruled; and Mary J. Hall brings the case to this court, and asks a reversal of the decree of partition, and the order overruling the motion to vacate all of the orders and proceedings in the case.

It is urged that the court below had no jurisdiction of the persons of the defendants. The venue of the writ is Jackson county, and process was directed to the sheriff of Jasper county, and commands him to summon the defendant therein named, "to be and appear before our said Circuit Court, on the first day of the next term thereof, to be holden at the court house in Murphysboro, on the fifth Monday in the month of September next." The venue named in the writ is Jackson county, and no county is named in the body thereof. But defendants are commanded to appear before the Circuit Court to be held at Murphysboro. In this there is no ambiguity, and no person could doubt as to the place where the court was to be held. It is manifest that it was in Jackson county. Had the command been to appear at the court-house in said county, it then would have left it doubtful which of the two counties

previously named was intended. And a strict construction would have, in such a case, referred to the latter of the two. In the cases of *Orendorff* v. *Stanberry*, 20 Ill. 90, and *Gill* v. *Hoblitt*, 23 id. 473, two counties were named as in this case, and the defendants were summoned to appear at the court house in said county, without designating which, and the summons was held to be insufficient. But this case does not fall within the rule there announced, and is, therefore, not governed by it. This summons and service gave the Circuit Court jurisdiction of defendants below.

In the case of *Peak* v. *Shasted*, 21 Ill. 137, it was held, that a minor could only appear to defend a suit by guardian, and that the plaintiff should, in case a minor defendant failed to so appear, have a guardian *ad litem* appointed to make defense. It was also held, that, if a minor defendant should appear in person, or by attorney, it would be error in fact, which may be assigned in the court rendering the judgment. Also, that a judgment or decree against a minor without a guardian, may be set aside, on motion, in the court rendering it, and let such defendant in to plead. In that case, the application was made to the court on motion, and we said that such practice was regular. In this case, it appears by the petition, that no appearance was entered by Mary J. Davis, either in person, by guardian, attorney or otherwise, nor does any such appearance appear from the record in the cause. It appears from the petition, verified by the oath of petitioner, that she was a minor when all of these proceedings were had, and that her rights were not protected in the decree of the court. This, then, brings this case within Peak's case. The court below should have allowed the petition, and let Mary J. Hall in to defend the suit, and, on a final hearing, have rendered such a decree as should be required by the case made by the parties.

So far as relates to the application of Mrs. Hall, it however depends upon other principles. She was then of age, under no disability, and was free to defend her application and to assert her rights. She was not a party to the suit, and we know of no rule of practice which would authorize the court to set aside

the decree on her motion.   Her remedy is complete by a peti-
tion for partition, and to assign her dower in the premises.
But, inasmuch as Mary J. Hall has shown error in fact in the
decree, requiring its reversal, and that it should be set aside, no
reason is perceived why the widow should not then be allowed
to come in and file her cross-bill, and assert her rights and
have them determined on the new hearing of the case.   If it is
true that one of the children died after the father, and before
the partition was made, then the interests of the several parties
was not properly presented to or found by the court, and these
parties, on a new hearing, should be allowed to assert them.

   In other respects this proceeding was exceedingly loose, and
it may be erroneous; but, plaintiff in error having shown *prima
facie* that she has the right to have the decree opened and to
make defense, we deem it unnecessary to discuss other ques-
tions.   The order of the court below, refusing to set aside the
decree for partition, is reversed and the cause remanded.

*Decree reversed.*