## ALONZO GAGE *et al.*
### *v.*
### JOHN SCHRODER.

1. EVIDENCE—*contents of lost record.* A record, when lost or destroyed, may, like any other writing, be proved by secondary evidence. After its loss is shown, its contents may be shown by witnesses who know them.

2. ADMINISTRATOR'S SALE—*failure to appoint guardian ad litem for infant defendants.* If the court has acquired jurisdiction of the subject matter by the filing of a petition by an administrator for leave to sell real estate to pay debts, and of the persons of infant defendants by the publication of notice, a failure to appoint a guardian *ad litem*, or his failure to answer, will not defeat the jurisdiction of the court, and render the subsequent proceedings void, while it may be error.

APPEAL from the Circuit Court of Lake county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of ejectment, by Alonzo Gage, Allen Mulkins and Samantha J. Mulkins, against John Schroder, for the recovery of two tracts of land.

The plaintiffs claimed title as children and only heirs of Stephen I. Gage, deceased. The defendant relied upon a deed executed to his grantor by Leonard Loomis, administrator of Stephen I. Gage, deceased, made under a decree of the county court of Lake county in May, 1863, for the sale of the land to pay debts. On the trial, after proof of the loss of the original petition and certain other parts of the record, the court allowed parol proof of their contents, to which the plaintiffs excepted. The judgment was for the defendant.

Messrs. McDAID, WILSON & PICHER, for the appellants.

Messrs. RUNYAN, AVERY & COMSTOCK, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is first objected that the court below erred in receiving parol evidence of the contents of the petition, printer's certificate, and decree of court ordering a sale of the premises in controversy, which were proved to have been lost. The case of *Barnett* v. *Wolf*, 70 Ill. 76, is referred to in support of the proposition. There is scarcely any analogy between that and this case. In that, the record remained full and unimpaired, whilst in this case the record has been lost or destroyed. In that case, the effort was to prove that the notice was sufficient, although as it appeared on file it was insufficient. There was in that case no question as to the proof of the contents of a lost or destroyed record. The questions are different, and involve different rules. In the one case there was a notice on file, but insufficient, and the effort was made, outside and independent of the record, to prove a sufficient service by publica-

tion—an effort to aid the record by parol, which was held to be inadmissible.

In this case, however, the proof was not designed to aid or explain a record, but to prove what the record, as it existed, contained.

A record, when lost or destroyed, may be proved, like any other writing, by secondary evidence, and, its loss having been shown, no reason is perceived why witnesses, who know its contents, may not be called to prove them. If this was not permitted in cases of this character, where a complete record is not made by the clerk, the title acquired by the purchaser would be liable to be . defeated by loss or destruction of the certificate of publication or the petition. It may be that there is some hazard in permitting titles to depend on the frail memory of witnesses as to the contents of records, but the same objection applies to all verbal evidence of the contents of written instruments. If deemed too uncertain, or liable to abuse, the General Assembly can readily remedy the evil by restoring the statute requiring the clerk, in such cases, to make a full record of all the proceedings in the case, which could be done with slight cost, and would give stability to such titles.

The evidence that there was a proper notice published and filed in this case was ample, being proved by the county clerk and Cook, who had both seen the notice and certificate on file. They also testified, in a satisfactory manner, to having seen a petition on file for the sale of this land by the executor of Gage. We would hardly expect more satisfactory evidence of the contents of a lost record. We regard it as amply sufficient to warrant the finding that there had been a proper record of service by publication and a proper petition filed. This was followed by a decree approving of the sale appearing of record and the executor's deed.

But it is assumed that the decree in this case was void, because the county court failed to appoint a guardian *ad litem* for appellants, who were then defendants.

In the case of *Peak* v. *Shasted*, 21 Ill. 137, it was said, that a minor could only appear and defend by guardian. It

was also held to be error in fact for a minor to defend otherwise than by his guardian or guardian *ad litem.*   The rule was recognized in the case of *Hall* v. *Davis,* 44 Ill. 494, and in *Quigley* v. *Roberts,* ib. 503.

It was held, in *Gibson* v. *Roll,* 30 Ill. 179, that, in cases of this character, the jurisdiction of the subject matter is acquired by filing the petition, and jurisdiction of the person by publication of the notice, and it should have been said, or by service of the notice as provided by the statute; and the same doctrine was announced in the case of *Goudy* v. *Hall,* 36 Ill. 313. Other cases might be referred to, in our reports, announcing the same rule.   And it has been said, in numerous cases, that, whether the guardian *ad litem* answer or not, the evidence must be preserved in the record, to support the decree.

In *Goudy* v. *Hall, supra,* it was held, that the failure of the guardian to answer for one of the minor defendants, did not take away the jurisdiction of the court.

If, as we have seen, the filing of the petition and the notice or service confer full jurisdiction to proceed to adjudicate, then the failure of the court to appoint a guardian *ad litem,* or, when appointed, his failure to file an answer, whilst it may be error, can not be held to be jurisdictional.   Such a failure could not operate to deprive the court of jurisdiction previously acquired.   When the infant is brought into court, it is necessary for the guardian to appear for the defendant, as an adult appears by attorney.   And that the infant may be properly defended, it is the duty of the court to appoint a guardian *ad litem.*   This is required by the statute.

It, then, follows, that the decree of the county court was valid and binding, the sale regular, and the title which Gage died seized of to this land passed to the purchaser at the sale by the executor, and plaintiffs below were thus deprived of their title to the same; and, having no title for the premises for which this suit was brought, they have shown no right to recover.

From what has been said, it is apparent that it is unnecessary to discuss the other questions raised and urged for a reversal.   None of the instructions refused for appellants could

have changed the result, even if they were legally correct; nor did the court below err in giving appellee's instructions.

We perceive no error in this record, and the judgment must be affirmed.

*Judgment affirmed.*