THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* J. ALLEN COTTON, Plaintiff in Error.

*Opinion filed April 19, 1911—Rehearing denied June 9, 1911.*

1. INDICTMENT—*what allegation includes element of want of authority to alter mortgage.* An allegation in an indictment that the defendant falsely and feloniously altered and changed a chattel mortgage necessarily includes the element of a want of lawful authority to make the alteration.

2. SAME—*when indictment in language of statute is sufficient.* If the language of the statute creating an offense is readily understood, an indictment charging such offense in the language of the statute is sufficient.

3. EVIDENCE—*contents of lost record may be proved by verbal testimony.* The contents of a lost or destroyed record may be proved by verbal testimony, like any other writing; and the mere fact that an uncertified copy of the record of a chattel mortgage, contained in the lost docket of a justice of the peace, is used in evidence before the master in a foreclosure proceeding, does not restrict the People, in a prosecution for falsely altering the mortgage, to the use of such copy to prove the docket record.

4. SAME—*court may permit party to call attention of witness to his testimony if he seems forgetful.* Where a witness seems to have suddenly become remarkably forgetful about matters he has already testified to, the court may, in its discretion, permit the party calling the witness to direct his attention to his former testimony concerning the matters, either to refresh his memory or awaken his conscience.

5. INSTRUCTIONS—*it is not error to state the law to the jury in the language of the law.* It is proper, in a criminal prosecution for falsely altering a mortgage, to give an instruction repeating the language of sections 8 and 9 of division 2 of the Criminal Code, declaring what constitutes an offense and by what means intention is manifested, as it is not error to give the jury the law in the language of the law itself.

6. SAME—*when an instruction as to considering interest of defendant is not incorrect.* An instruction advising the jury that the interest of the defendant in the trial is a matter to be properly taken into consideration in weighing his testimony is not incorrect, where it does not authorize the jury to disregard his testimony or that of any other witness.

7. SAME—*when an instruction as to proof of guilt by circumstances is not incorrect.* An instruction in a criminal case stating that while the jury must be convinced of the guilt of the defendant beyond a reasonable doubt, from the evidence, the proof need not be the direct evidence of persons who saw the offense committed, but that the acts constituting the crime may be proved by circumstances, is not incorrect. (*Otmer* v. *People,* 76 Ill. 149, distinguished.)

8. SAME—*mere redundance of instructions not relating to any fact is not ground for reversal.* A mere redundance of instructions upon the subject of reasonable doubt, or other matters not relating to any fact, is not ground for reversal.

9. SAME—*when venue of a crime is sufficiently proved.* In a prosecution for falsely altering a chattel mortgage after its execution, proof that the mortgage was made in the county where the prosecution is had and that the defendant attempted to collect it there and instituted a foreclosure proceeding for that purpose, justifies the inference that such county was the place of forgery.

10. SAME—*when failure of People to prove want of authority to alter mortgage is not material.* Failure of the People to prove want of authority to alter a chattel mortgage after its execution is not material, where the defendant testified that he made the alteration before the mortgage was executed and never claimed he made it afterwards.

11. SAME—*when the verdict will not be disturbed on the facts.* Where the guilt or innocence of the accused depends upon the credibility of the witnesses the verdict of the jury will not be disturbed by the court of review on the facts, if there is no controlling fact or circumstance from which that court is able to say that the verdict is wrong.

FARMER, VICKERS and COOKE, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

SUCHER & MCNEMAR, (DAILY & MILLER, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, ROBERT SCHOLES, State's Attorney, and FRED H. HAND, (HARRY E. PRATT, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, J. Allen Cotton, was found guilty by a jury in the circuit court of Peoria county of the forgery of a chattel mortgage by adding to the property therein described and mortgaged the words and figures "1 Singer sewing machine," with intent to prejudice, damage and defraud the mortgagors, Grant Mitchell and Dora Mitchell, his wife. The court overruled motions for a new trial and in arrest of judgment and pronounced sentence in accordance with the verdict.

The mortgage was given to secure rent of a house of the defendant occupied by the mortgagors, and one of the mortgagors, Grant Mitchell, died before the trial. Dora Mitchell testified that the figure and words "1 Singer sewing machine" were not in the chattel mortgage when she signed it, and that the sewing machine was her own property and of the value of $60. The mortgagors acknowledged the mortgage before John Schofield, a justice of the peace, who entered the mortgaged property on his docket, and the justice and one Richard H. Radley, who received the docket from the justice, testified that the figure and words in question did not appear on the docket. The defendant and Henry Gibson testified that the mortgage was made out in the office of the justice of the peace; that the writing in the printed blank was done by the defendant; that he had a list of the articles to be mortgaged on the inside cover of a small receipt book, including the sewing machine as the last item; that Gibson read off the list of articles, and after the mortgage was completed they checked the list and found the Singer sewing machine had been omitted, and that the defendant then wrote the figure and words in the chattel mortgage following the description of the other property. The justice said that he thought the sewing machine was mentioned between the defendant and

Gibson, but his impression was that the defendant told Gibson he did not want the machine and that he. had enough without it. A witness testified that Dora Mitchell told him that she said the sewing machine was not on the chattel mortgage to save herself, because she had mortgaged the goods to another person, but she denied that she made any such statement. Another witness testified that after a fire which occurred in the house he saw the defendant look toward the sewing machine and take a book with a wine-colored or brown leather back and write something on it.

It is first contended that the indictment was insufficient for want of an averment that the writing was made without lawful authority. The indictment was in the language of the statute and the language was such as to be readily understood, which was sufficient. It alleged that the defendant falsely and feloniously altered and changed the chattel mortgage, which necessarily included the element of a want of lawful authority.

The next proposition of counsel is, that the court erred in permitting the justice and the other witness to testify that the words and figure alleged to have been forged did not appear on the justice's docket. The docket had been lost and the entry had been copied as a part of the evidence taken before the master in chancery. The argument is that the People should have proved the contents of the docket by the copy, which was not a certified copy. Where records are lost or destroyed their contents may be proved by verbal testimony, like any other writing. (*Gage* v. *Schroder,* 73 Ill. 44; *Ashley* v. *Johnson,* 74 id. 392.) The only purpose of the evidence was to prove that the figure and words were not on the docket and not to prove what was on it, and for that purpose a copy of the entry would not have been a higher class of evidence than the testimony of witnesses who had examined the docket. The defendant wanted to have the copy used because the mortgage described, among other things, "1 cooking stove and

cooking utensils" while the docket entry was "1 cooking stove and utensils," which, it is said, would have shown a want of accuracy on the part of the justice. The defendant offered in evidence the copy and had the benefit of any inference arising from the discrepancy.

It is next contended that the judgment ought to be reversed on account of improper conduct by the State's attorney in the examination of A. J. Saunders, a witness called on behalf of the People. The State's attorney did nothing improper and the real complaint is against the rulings of 'the court. The witness had testified touching the matter before and developed an unusual and remarkable forgetfulness and lapse of memory, and the court permitted the State's attorney to call the attention of the witness to his former testimony for the purpose of refreshing his recollection. If a witness gives testimony different from previous statements, so that his testimony is a matter of surprise to the party calling him, the party may refresh his memory by calling his attention to the former statement, either to refresh his memory or awaken his conscience. (*Chicago City Railway Co.* v. *Gregory,* 221 Ill. 591; *People* v. *Lukoszus,* 242 id. 101.) We see no reason why the same rule should not apply where a witness claims that his mind has become an entire blank concerning matters about which he has previously testified. The permission to ask such questions rests largely in the discretion of the court, who can judge from the manner of the witness and his appearance whether they ought to be permitted, but in this case the failure of memory was so surprising as to indicate intentional forgetfulness, and, judging the ruling by the record alone, we are satisfied the court did not err.

Errors are assigned upon the giving of instructions, and as to the first instruction the objection is that it states an incorrect rule in saying that an intent to defraud may be manifested from circumstances. The instruction is a copy of sections 8 and 9 of division 2 of the Criminal Code,

declaring what constitutes a criminal offense and by what means intention is manifested. There can be no dispute of the law as made by the legislature, and it is a self-evident proposition that to give the jury the law in the language of the law itself is not error. (*Petefish* v. *Becker,* 176 Ill. 448; *Donk Bros. Coal and Coke Co.* v. *Peton,* 192 id. 41.) The same may be said of instruction No. 2, which is a copy of the statute defining the crime of forgery so far as applicable to this cause. Counsel say that it is wrong in describing the intent as "intent to prejudice, damage or defraud any person," while the statute says the intent must be to "prejudice, damage and defraud." A reference to the statute will show the error of counsel, since the language of the statute is precisely the same as that of the instruction.

Instruction No. 10 related to credibility, and evidently referred to the testimony of the defendant, although it apparently referred to something going before which was omitted. It advised the jury that the interest of the defendant in the trial was a matter proper to be taken into consideration by them in determining the weight to be given to his testimony, but it did not authorize the jury to disregard the testimony of the defendant or any other witness, and it was not incorrect.

The fourth instruction stated that while the jury must be convinced of the guilt of the defendant beyond a reasonable doubt, from the evidence, the proof need not be the direct evidence of persons who saw the offense committed, and that the acts constituting the crime might be proved by circumstances. Counsel liken the instruction to one held bad in *Otmer* v. *People,* 76 Ill. 149, but there is no resemblance between them. This instruction did not intimate that testimony of facts and circumstances merely pointing to the defendant's guilt would be sufficient.

Several instructions were given as to what constitutes a reasonable doubt, and it is objected that the duty to instruct on that subject was overdone. It has often been

doubted whether such instructions make the meaning of the words "reasonable doubt" more clear than the words without comment, and the instructions in this case were practical repetitions. They consisted of statements made by the courts at different times in efforts to explain the meaning of the words, and a mere redundance of instructions not relating to any fact would not justify a reversal.

Finally, it is contended that the court erred in not granting a new trial on the ground that the verdict was not supported by the evidence, and under that head it is insisted that the venue was not proved. The chattel mortgage was made and acknowledged in Peoria county, and the defendant attempted to collect it there and instituted a. foreclosure proceeding for that purpose. These facts would justify an inference that the place of forgery was in Peoria county. (*Bland* v. *People,* 3 Scam. 364; *Langdon* v. *People,* 133 Ill. 382; *People* v. *McIntosh,* 242 id. 602.) It is also urged that there is no proof of a want of authority to make the change after the execution of the mortgage, but the defendant testified that he wrote in the figure and words before the mortgage was executed and never claimed that he inserted them afterwards, so that the question of authority is of no importance. The question of guilt or innocence depended upon the credibility of the witnesses, and there is no controlling fact or circumstance from which we are able to say that the verdict was wrong. The chattel mortgage and the receipt book with a brown cover were in evidence and were certified to this court. The inside cover of the receipt book contains a list of articles, including the sewing machine. In the chattel mortgage there are diagonal lines across the blank space below the description of the property, and the paper presents an appearance of the figure and words having been written after the other property, somewhat closer together, and the word "machine" runs beyond the printed border line. It looks as though the figure and words were written in after the diagonal

lines were drawn, but the appearance of the mortgage is not inconsistent with the testimony of either party.

We find no reason which would justify a reversal of the judgment, and it is affirmed.    *Judgment affirmed.*

FARMER, VICKERS and COOKE, JJ., dissenting.