[No. 13806.    Department One.    June 19, 1917.]

Daisy D. Blystone *et al.*, *Respondents*, v. Walla Walla Valley Railway Company, *Appellant*.[1]

Damages—Personal Injuries—Contributory Cause—Evidence—Sufficiency. The evidence warrants an inference that rupture of a Fallopian tube was caused or contributed to by a fall, where it appears that pain resulted at once and continued in intensity for three days until an operation was performed, and a physician testified that pus tubes may lie dormant and cause no trouble through life, but may be ruptured by an exciting cause such as a fall.

Witnesses — Impeaching Own Witness — Prior Statements. Where a witness for the plaintiff gave testimony favorable to the defendant upon a material point in contradiction of a previous signed statement favorable to the plaintiff, the plaintiff may introduce the prior statement for the purpose of affecting the credibility of the witness.

Appeal—Preservation of Grounds—Objection to Evidence—Limiting Effect. In the absence of a request that a prior contradictory statement impeaching a witness be limited to the special purpose of impeachment, error cannot be predicated upon the admission of the statement.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 18, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger on a street car. Affirmed.

*John A. Laing* and *Sharpstein, Pedigo, Smith & Sharpstein*, for appellant.

*E. L. Casey* and *A. S. Bennett*, for respondents.

Main, J.—The plaintiffs in this action are husband and wife. The defendant is a corporation, and owns and operates a street railway in the city of Walla Walla. The purpose of the action was to recover damages alleged to have been sustained by Mrs. Blystone through the negligence of

[1]Reported in 165 Pac. 1049.

the defendant. The cause was tried to the court and a jury, and resulted in a verdict and judgment in favor of the plaintiffs. From this judgment, the defendant appeals.

The facts are these: On the 28th day of May, 1914, and for some time prior thereto, Daisy D. Blystone, who will hereafter be referred to as the respondent, was employed at the Grand Hotel, in Walla Walla. In going from her home to work, and returning therefrom, she traveled over the appellant's street railway. On the morning of the day mentioned, shortly after the hour of seven o'clock, the respondent left her home for the purpose of going to work, and traveled from a point near her home to the business district of the city, where she was accustomed to leave the car. The point where the respondent ordinarily left the car was just south of the intersection of Main street and Second street, this being a place where the car usually stopped. About midway of the block, south of Main street and intersecting Second street, is an alley. On the morning in question, the respondent, before the car reached this alley, arose from the seat in which she was sitting and approached the rear end of the car, preparatory to alighting therefrom when it came to its usual stopping place. When the car had reached a point at or near the alley, it stopped, as the evidence shows, in a "violent, sudden and in an unusual manner." By reason of this sudden and unusual stopping of the car, the respondent was thrown against the door thereof, precipitated down the steps, and fell upon the street. She got up from the place where she had fallen and went on to her work. On this day, another employee of the hotel assisted her with the work she was expected to do. On each of the two days following, she returned to work. On the next day, which was Sunday, she called a physician. The physician, after treating the patient for some days, performed an operation and removed one of her ovaries, and also one of the Fallopian tubes. The Fallopian tube was ruptured, and pus was oozing therefrom.

At the conclusion of the evidence offered on behalf of the respondent, the appellant moved for a nonsuit on the ground that the evidence was not sufficient to take the case to the jury. This motion was overruled, and the appellant stood upon the record as then made and offered no testimony in its own behalf. The cause was submitted to the jury, and resulted in a verdict as above stated. The evidence of other facts will be referred to in connection with the consideration of the points presented by this appeal.

The first question is whether the trial court erred in refusing to grant the motion for a nonsuit. It is claimed that the nonsuit should have been granted because the respondent had failed to show that any negligence of the appellant contributed to the respondent's condition, and for the further reason that, from the evidence, it was probable that the respondent's condition was due to other and different causes, wholly apart from any act of the appellant. It is not claimed that the stopping of the car in a violent, sudden and unusual manner would not be negligence. The question, then, is whether the negligent act of the appellant in so stopping the car produced the condition which rendered necessary the operation performed upon the respondent. The evidence shows that, for a year and a half prior to the accident, she had been in good health. The physician who performed the operation, and who had been the respondent's family physician for a number of years prior thereto, testified that a woman "may go through life with two pus tubes and have no trouble," because the pus tubes may lay dormant. He further testified that an exciting cause like a fall, or a blow, may liberate the adhesion and permit the pus to go into the abdominal cavity, where it sets up peritonitis. The physician testified further that there were causes other than those mentioned which might produce the same result. Testifying as to this particular case, the doctor gave it as his opinion that the fall did not produce the pus tube, but that it may have ruptured it. He did not testify that the

rupture was probably caused by the accident. The respondent testified that, immediately after the accident, she had a pain in her side, and that she was unable to do her work that day as usual. During the three days following this, she gradually grew worse each day until the physician was called. The coemployees at the hotel testified that the respondent, on the morning of the accident, when she reached the hotel, complained of a pain in her side. This evidence warrants the inference that the breaking of the pus tube was caused or contributed to by the accident. The testimony shows a sequence of events, such as physical symptoms, beginning at once and increasing in intensity until the operation was performed.

The probabilities of the case were to be weighed and decided by the jury. When the respondent offered evidence which made it appear more probable that the injury came in whole or in part from the appellant's negligence than from any other cause, the jury was warranted in finding in her behalf. *Atwood v. Washington Water Power Co.*, 79 Wash. 427, 140 Pac. 343. The trial court did not err in refusing to withdraw the case from the consideration of the jury.

The other point urged, if sustained, would not result in a dismissal but in a retrial. One J. A. Dunham, who was a passenger upon the street car at the time the accident occurred and witnessed it, was called to testify in behalf of the respondent. Prior to the trial, this witness signed a written statement wherein the details of the accident were attempted to be set forth. In certain particulars, the testimony of the witness and the statement are not harmonious. While the witness was on the stand, the statement was presented to him, and he was cross-examined thereon. Subsequently another witness testified as to the manner in which the statement had been prepared and the signing thereof by Dunham. The written statement was offered in evidence and was received over objection. Two of the particulars in which the statement and Dunham's testimony did not coincide were these: The statement recited

that "the car stopped very sudden and in an unusually sudden manner." The witness testified that the car "stopped as they usually do; maybe a little bit quicker at that time. When they throw on the brakes and take them off there is a rebound of the car any time." In the statement, also, he said that the car was stopped "near the intersection of the alley between Alder and Main street with Second street," in his testimony, that it stopped in the usual place "closer to Main street" than the alley.

If the testimony correctly presents the facts, the appellant company would not be guilty of negligence. If the statement correctly describes the manner of the accident, it would furnish a basis for the charge of negligence in the manner of stopping the car. The statement, therefore, would contradict the witness upon material facts. The rule is that, where a party calling a witness is taken by surprise by reason of affirmative testimony prejudicial to the interest of the party by whom he was called, prior contradictory statements may be shown for the purpose of affecting the credibility of the witness. 5 Jones, Commentaries on Evidence, § 855; *State v. Catsampas*, 62 Wash. 70, 112 Pac. 1116. Under this rule, the respondent had a right to offer the writing for the purpose of showing the contradictory statements made by the witness.

Some complaint is made that the writing was not offered and received solely as impeaching testimony. No request was made by the appellant that its effect be so limited. If the appellant desired that the evidence be limited to a special purpose, it should have requested an instruction so limiting it. In the absence of such a request or instruction, error cannot be predicated upon the admission of the statement. *Burger v. Taxicab Motor Co.*, 66 Wash. 676, 120 Pac. 519.

The judgment will be affirmed.

ELLIS, C. J., WEBSTER, MORRIS, and CHADWICK, JJ., concur.