[No. 19051. *En Banc.* October 2, 1925.]

## The State of Washington, *Respondent,* v. Charles Bossio *et al., Appellants.*[1]

Appeal (50)—Decisions Reviewable—Granting New Trial. Under Rem. Comp. Stat., § 1716, the refusal of a directed verdict, after the jury disagreed, and setting the cause for trial, is not appealable.

Appeal (231)—Jurisdiction of Appellate Court—Subsequent Proceedings in Lower Court—Setting Case for Retrial. It is not error to set a cause for trial pending an appeal to the supreme court from an order that was not appealable.

Criminal Law (448)—Appeal—Harmless Error—Evidence. Prejudicial error cannot be predicated upon the receipt of inconsequental evidence which was admitted in the expectation that it would be connected up, but was not.

Intoxicating Liquors (59)—Offenses—Jointist—Evidence—Admissibility. Upon a trial of a jointist, running a soft drink place, evidence is admissible of the finding of two bottles of moonshine, concealed in a part of the rear entrance to the premises in the joint use of the defendant and of the adjoining tenant.

Witnesses (98-1)—Impeaching Own Witness—Surprise. In the absence of a claim of surprise by the state, it is error to allow the state, after two of its witnesses had testified that they did not know or could not remember facts to which they had testified on a former trial, to impeach them by reading their former testimony and asking if they had not so testified.

Indictment and Information (101)—Intoxicating Liquors (42) —Degrees—Inclusion of Lesser Offense. Under Rem. Comp. Stat., § 7328, an information for conducting or maintaining a place for the unlawful sale of intoxicating liquor, does not include the offense of liquor in possession.

Criminal Law (288)—Trial—Instructions—Circumstantial Evidence. In an instruction upon circumstantial evidence, it is error to instruct that the degree of certainty therefor "must almost be equal to that of direct testimony."

Holcomb, J., dissents.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered May 29, 1924,

[1]Reported in 239 Pac. 553.

upon a trial and conviction of being jointists. Reversed.

*M. E. Mack,* for appellants.

*Chas. H. Leavy* and *Edward M. Connelly,* for respondent.

MAIN, J.—The defendants were, by information, charged with the crime of conducting and maintaining a place for the unlawful sale of intoxicating liquor. The trial resulted in a verdict of guilty as charged. Motion for a new trial being made and overruled, the defendants appeal.

The appellant Charles Bossio owned and conducted a soft drink parlor in the city of Spokane. T. A. Bossio was employed in the place. On or about the 31st day of July, 1922, officers went to the place, armed with a search warrant, for the purpose of looking for intoxicating liquor. The rear end of the storeroom in which the soft drink parlor is conducted is to the north. In the storeroom adjacent on the west a hardware business was conducted. At the rear of these two rooms there was what is referred to as an areaway or hallway which accommodated both. The door to the outside from this hallway was in the west end thereof. Above the door was a transom. Connected with this transom a ventilator had been put in in order to permit the passage of air into the hardware store. The officers making the search found in this ventilator two bottles of moonshine whiskey. There is evidence of other facts which need not here be detailed. There had been a prior trial of the action and two of the witnesses who had previously testified in behalf of the state in the present trial were called and did not testify to facts which they had given upon the prior occasion. When asked with reference thereto their general answers

were something like this: "I do not remember," "I cannot say."

The first assignment of error relates to the action of the trial court in setting the case for trial when it is claimed that it was pending on appeal from one of the other trials. In the former action a motion had been made for a directed verdict and it was understood between the parties, with the acquiescence of the court, that the motion would be heard and determined subsequent to the verdict of the jury being returned. The jury disagreed. The court, upon hearing the motion, declined to grant it, and the defendants gave notice of appeal therefrom. Under § 1716, Rem. Comp. Stat., this was not an appealable order, and therefore the court properly set and proceeded with another trial of the action. In the cases cited by the appellants in support of their position there had been a final judgment and an appeal, which is an entirely different situation from that here presented.

The second assignment of error relates to testimony with reference to a deputy sheriff having given a witness $2.50 prior to the search of the Bossio place. At the time this testimony was offered, the state believed that it could connect it up with that place. It was not subsequently connected up, but the testimony is not of sufficient importance to justify a reversal of the judgment for that reason. The question in all probability will not appear upon another trial.

The appellants' third assignment of error relates to the receiving in evidence, over objection, of the two bottles of moonshine whiskey which were found in the ventilator. As stated, this ventilator was connected with the transom over the outside door to the hallway of which the appellants and the proprietor of the hardware store had a common use. The owner of the building in which the two stores were located testified that,

when the premises were rented, each of the parties "had a joint use of the hallway in the rear." Under these facts the evidence was admissible.

Assignments of error four to eight relate to the testimony of the witnesses Robert Irwin and Guy McNeil. Each of these witnesses, when called by the state in the present trial, gave certain evidence favorable to the state, and then apparently had a lapse of memory and gave answers such as above indicated. One of the witnesses testified to no affirmative fact which was prejudicial to the state. The other may in one or two instances have done so. The deputy prosecutor expressly disclaimed being surprised at their testimony. Notwithstanding his lack of surprise, over the objection of the appellants, he was permitted to read in detail the testimony which each of them had given upon a former trial and asked them if they did not so testify. This was in effect getting before the jury the testimony which they had given on a former trial which was not in opposition to the testimony that they had given upon this trial, because here they simply, as stated, said that they did not remember or could not say. In the absence of surprise at an affirmative statement by a witness prejudicial to the interests of the party calling him, there exists no basis for his impeachment. *State v. Simmons,* 52 Wash. 132, 100 Pac. 269; *State v. Catsampas,* 62 Wash. 70, 112 Pac. 1116; *Ferris v. Todd,* 124 Wash. 643, 215 Pac. 54. In the *Catsampas* case, *supra,* it was held that, in a criminal prosecution where a witness for the state had testified that he did not know what the accused had said after the fight, it was prejudicial error for the state to attempt to impeach the witness by showing that he had made other statements to the prosecuting attorney, because it did not affect his credibility as to any affirmative statement made by him and only had

the effect of getting before the jury alleged previous declarations. It was there said:

"From the foregoing it will be seen that this is not a case where a party offering a witness is taken by surprise by reason of an affirmative statement by said witness prejudicial to its interest; but this was simply a negative statement on the part of the witness, which in itself was in no degree prejudicial. The only contention is that the witness did not state the case as strongly as the attorneys for the state desired, or as they claimed he had stated it to them. There was nothing detrimental to the state's interest in what he did say. The complaint is in regard to what he did not say."

In the *Ferris* case, *supra,* it was said:

"The court permitted the impeaching evidence under the rule that a party who has been surprised at the unfavorable testimony of a witness he has called on his own behalf may ask such witness whether he has not made contradictory statements at other times and places, and, if the witness denies it, show by other evidence that he has made such statements. The rule itself is well established. *Burger v. Taxicab Motor Co.,* 66 Wash. 676, 120 Pac. 519; *Blystone v. Walla Walla Valley R. Co.,* 97 Wash. 46, 165 Pac. 1049.

"But it is plain from the quotations we have made that this is not the question here presented. The witness did not testify unfavorably to the appellants; he merely failed to testify as favorably as the appellants anticipated he would testify. This did not authorize his impeachment by the appellants. Impeachment is for the purpose of showing that a witness is untrustworthy and unreliable, and the right can be invoked only by a litigant against whom the testimony is injurious. To permit a party to show that, on other occasions, his witness has made statements more favorable to him than he made when a witness on the stand, would be to permit him to fill in the gaps in his proof by testimony that has not the sanction of any witness; in other words, it would be to permit a party to prove his case by hearsay testimony."

The authorities cited by the respondent cannot be said to sustain the ruling in permitting the testimony of the two witnesses given upon a prior trial to be read to them in the presence of the jury. In the case of *State v. Kellogg*, 91 Wash. 665, 158 Pac. 344, there was surprise which does not exist in the present case. In addition to that, the case was heard *En Banc* and the majority opinion only has the support of three judges, three others concurring in the result upon a special ground and two dissenting. In the case of *Blystone v. Walla Walla Valley R. Co.*, 97 Wash. 46, 165 Pac. 1049, there was surprise and the witness had testified to material facts which were prejudicial to the party calling him. Without reviewing the authorities further, it may be said that they sustain the impeaching evidence only where a witness has testified to a material fact prejudicial to the party calling him and there is surprise. It was error for the trial court to permit the impeachment.

By assignment number twelve the appellants question the ruling of the trial court in refusing to give a requested instruction that the crime of liquor in possession was included in the charge of being a jointist. In *State v. Greenwald*, 116 Wash. 463, 199 Pac. 730, it was in effect held that liquor in possession was not an included crime in such a case. Under the statutory definition, Rem. Comp. Stat., § 7328, a person who opens up, conducts or maintains a place for the unlawful sale of intoxicating liquor is a jointist, regardless of whether there be liquor in the place or whether sales have been made therefrom.

By assignment number 19 the instruction of the court with reference to the weight to be given to circumstantial evidence is questioned. In *State v. Dukich*, 131 Wash. 50, 228 Pac. 1019, heard *En Banc*, a like instruction was held to be bad, and this holding was

subsequently followed in the case of *State v. Costello,* 133 Wash. 170, 233 Pac. 307.

There are many other assignments of error, all of which have been considered, but in none of them do we find substantial error. It does not seem that it is necessary to review them in detail.

For the reasons stated, the judgment will be reversed and the cause remanded for a new trial.

TOLMAN, C. J., MITCHELL, PARKER, ASKREN, MACKINTOSH, and FULLERTON, JJ., concur.

HOLCOMB, J. (dissenting)—I am unable to agree with the decision of the majority on errors four to eight.

The disclaimer by the deputy prosecuting attorney referred to in the prevailing opinion should not be held to be legal surprise. The facts as to that were that the deputy prosecuting attorney could not truthfully have otherwise stated than that he was not actually surprised, because of the fact that the witnesses had presented themselves to him once in the company of the attorney for appellants, and once without the attorney, and stated to him that they were unable to recall the facts of the case. When confronted with the evidence they had given on the former trial by the prosecuting attorney, they still declared that they were unable to recall the facts as to the case, or their evidence at the former trial. Although exonerating the attorney for appellants of any collusion with them, because of his ability and good repute, it can hardly be doubted that these witnesses were colluding with appellants, and were under the influence of one or both of them. The testimony as to which they were so exceedingly forgetful was very material to the prosecution. Their testimony as they gave it was harmful to the prosecution. For instance, McNeil testified that he had never bought any liquor from

either of the appellants or in their place, and had never seen any bought or sold there. In the former trial he had testified positively that he accompanied Irwin to the place on a day stated, gave him money to buy liquor before they went, and Irwin bought a pint of moonshine whiskey which they took away with them and drank. He testified to other details and transactions in the place of business of appellants, which he was utterly unable to remember at the present trial. Irwin had practically the same lapse of memory as McNeil. The witnesses were certainly hostile witnesses, and the only point upon which the prevailing opinion excludes the examination of them as to their former inconsistent testimony is that the prosecution was not surprised.

The object of a trial is to elicit the truth. These witnesses certainly were not honest in their declarations that they could not remember the important facts and transactions in the case. The state should not be bound by such so-called surprise. *State v. Simmons,* 52 Wash. 132, 100 Pac. 269; *State v. Catsampas,* 62 Wash. 70, 112 Pac. 1116; *Ferris v. Todd,* 124 Wash. 643, 215 Pac. 54, in no respect approach this case in the way of willfully contradictory and collusive testimony of the witnesses.

The reasoning of *People v. Cotton,* 250 Ill. 338, 95 N. E. 283, applies to this case, where the court said:

"It is next contended that the judgment ought to be reversed on account of improper conduct by the state's attorney in the examination of A. J. Saunders, a witness called on behalf of the people. The state's attorney did nothing improper, and the real complaint is against the rulings of the court. The witness had testified touching the matter before and developed an unusual and remarkable forgetfulness and lapse of memory, and the court permitted the state's attorney to call the attention of the witness to his former testi-

mony for the purpose of refreshing his recollection. If a witness gives testimony different from previous statements, so that his testimony is a matter of surprise to the party calling him, the party may refresh his memory by calling his attention to the former statement, either to refresh his memory, *or awaken his conscience.*'' (Italics mine.)

See, also, *State Bank of Washington v. Spokane-Columbia River R. & Nav. Co.*, 53 Wash. 528, 102 Pac. 414; *State v. Kellogg,* 91 Wash. 665, 158 Pac. 344; *State v. Sills,* 113 Wash. 497, 194 Pac. 580; *Hurley v. State,* 4 L. R. A. 161; *Selover v. Bryant,* 21 L. R. A. 418, and the case notes to the last cited case.

The prosecutor had a right to believe that witnesses when under oath, would testify to the truth, and that the truth was as they had testified at the former trial, notwithstanding their subsequent recantation out of court, when not under oath. He had the right to question them as to their former contradictory statements, confronting them with their former sworn statements so as to give them full opportunity of explanation and exculpation if they desired, that the jury might determine which of their statements were true; and for the further purpose of setting the party right before the jury. *National Syrup Co. v. Carlson,* 42 Ill. App. 178; *The Charles Morgan,* 115 U. S. 69.