[No. 20058. Department One. January 6, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. STANLEY PHILLIPS, *Appellant.*[1]

[1] CRIMINAL LAW (139)—EVIDENCE (103)—HEARSAY. It is inadmissible as hearsay and error for the state, after examining a hostile witness who denied making statements to enforcement officers that he had purchased intoxicating liquor from the defendant, to impeach the witness by calling such persons to testify that he had so stated to them at a time when the accused was not present.

Appeal from a judgment of the superior court for Wahkiakum county, Hewen, J., entered October 24, 1925, upon a trial and conviction of the unlawful sale of intoxicating liquor. Reversed.

*Norblad & Hesse,* for appellant.

*George F. Hanigan,* for respondent.

MITCHELL, J.—The appellant was convicted of the crime of selling intoxicating liquor, and from a judgment and sentence of the court on the verdict this appeal is prosecuted.

It was alleged that the crime was committed on May 26, 1925. At the trial, the state called one Walter Kelly as a witness. It soon developed that he was evasive; indeed, the prosecuting attorney claimed, and the trial court was satisfied, that the witness was hostile. Thereupon and over the objections of the appellant, the state was allowed to ask the witness leading questions for the avowed purpose of impeachment. Among them were the following questions, together with answers:

"Q. Mr. Kelly did you not state in the presence of Mr. Frederickson, Mr. Stuart, Mr. McNath and myself, an evening or two after the 26th of May, 1925, at

[1]Reported in 251 Pac. 864.

my office in the court house, did you not state that upon May 26 you purchased liquor, moonshine liquor, from Mr. Phillips, the defendant, or words to that effect? A. No. Q. Did you not state at that time and in the presence of the same witnesses that you paid four dollars for the bottle of moonshine? A. No, sir, I did not''.

Other similar questions were asked, to each of which a negative answer was given. Then Mr. Stuart was called on behalf of the state and, over objections made by the appellant, was permitted to testify that at the time and place mentioned Mr. Kelly did make each of the statements attributed to him in the state's questions. Another witness named Foster, called by the state and who made similar answers to the same kind of questions, was allowed to be impeached in the same way, over objections of the appellant. Neither Mr. Kelly nor Mr. Foster gave any affirmative testimony inconsistent with their negative answers upon which the impeachment rests.

If the jury believed the testimony of the impeaching witness Stuart that the contradictory prior statements attributed to Kelly and Foster were made by them, it would not establish the fact that Kelly or Foster had purchased moonshine liquor from the appellant, nor that either or both of them paid four dollars or any other amount for a bottle of it. The only purpose served by Stuart's testimony was to enable the jury to get the naked declarations of Kelly and Foster before the jury. It was pure hearsay. Its character as such cannot be disguised by calling it impeachment, or as being either permissible or necessary in order to overcome the discomfiture of the prosecuting attorney.

Without reviewing the authorities it may be said,

''The rule is that, where a party calling a witness is taken by surprise by reason of affirmative testimony prejudicial to the interest of the party by whom he was

called, prior contradictory statements may be shown for the purpose of affecting the credibility of the witness. 5 Jones, Commentaries on Evidence, § 855; *State v. Catsampas,* 62 Wash. 70, 112 Pac. 1116." *Blystone v. Walla Walla Valley R. Co.,* 97 Wash. 46, 165 Pac. 1049.

Such was not the case here. The impeaching testimony related to alleged variant declarations of Kelly and Foster not made in the presence of the appellant. The evidence sought to be impeached was purely negative. *State v. Simmons,* 52 Wash. 132, 100 Pac. 269; *State v. Catsampas,* 62 Wash. 70, 112 Pac. 1116; *State v. Bossio,* 136 Wash. 232, 239 Pac. 553.

The cases relied on by the state are not in point. *Rommen v. Empire Furniture Mfg. Co.,* 66 Wash. 48, 118 Pac. 924, announces the rule that error cannot be predicated upon allowing cross-examination of a party's own witness clearly hostile, nor where no exception was taken, the same being within the discretion of the trial court. In that case the matter of impeaching testimony was not involved. In the other case relied on by the state, *Burger v. Taxicab Motor Co.,* 66 Wash. 676, 120 Pac. 519, a party to the suit was surprised by affirmative material testimony given by a witness called by him. The impeaching testimony was directed against the affirmative testimony that had caused the surprise.

The admission of the impeaching testimony in the present case constituted reversible error, in our opinion. Other assignments of error need not be noticed, because they are in effect taken care of by what has already been said herein.

Reversed, and remanded with directions to the trial court to grant a new trial.

TOLMAN, C. J., MAIN, and FULLERTON, JJ., concur.