[No. 8473.   Department One.   March 1, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED E. BIGGS,
*Appellant*.[1]

CRIMINAL LAW—TRIAL—ELECTION OF DATES—SUFFICIENCY.   Upon
a charge of rape committed between the first and the 26th days of
a specified month, an election, upon demand of the defendant, to
prove an offense committed between the 19th and 26th days is suffi-
ciently specific.

RAPE—EVIDENCE—SUFFICIENCY.   The evidence is sufficient to sus-
tain a conviction of rape committed between the 19th and 26th days
of a certain month, where it appears that the prosecuting witness
was under the age of consent; that between said dates she and the
defendant registered at different hotels as man and wife under
assumed names and occupied a single room over night; that the
defendant was arrested while occupying a bed with her, and that
a physical examination by a physician a few days after showed evi-
dence of recent penetration.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered February 27, 1909, upon a trial
and conviction of rape.   Affirmed.

*H. C. Barney* and *M. P. Hurd*, for appellant, contended,
among other things, that the evidence was insufficient. *State
v. Scott*, 28 Ore. 331, 42 Pac. 1; *Hardtke v. State*, 67 Wis.
552, 30 N. W. 723; *State v. Dalton*, 106 Mo. 463, 17 S. W.
700; *People v. Howard*, 143 Cal. 316, 76 Pac. 1116; *State
v. Marselle*, 43 Wash. 273, 86 Pac. 586; *State v. Powell*,
51 Wash. 372, 98 Pac. 741.

*Augustus Brawley*, for respondent.

FULLERTON, J.—The defendant was informed against by
the prosecuting attorney of Skagit county for the crime of
rape, committed upon the person of a female child under the
age of 18 years, the charging part of the information being
as follows:

"That at the City of Anacortes, Skagit county, State of
Washington, and within one year last past, to wit: between

[1]Reported in 107 Pac. 374.

the first day of January A. D. 1909, and the 26th day of January A. D. 1909, the said defendant Fred E. Biggs did unlawfully have sexual intercourse with and carnally know one Kathrine Sunderman, the said Kathrine Sunderman, being a female child under the age of eighteen years, and not being the wife of the said defendant, contrary to the statutes in such cases made and provided and against the peace and dignity of the people of the State of Washington."

To the information the defendant pleaded not guilty, and the cause was set down for trial. On the trial, after the jury had been empaneled and sworn, the defendant moved the court to require the state to elect on which of the dates between the first and twenty-sixth of January, 1909, they expected to prove that a crime had been committed by the defendant. The prosecuting attorney thereupon stated that he expected to show that the offense was committed between the 19th day of January, and the 26th day of January, 1909. The court held the election sufficient, whereupon the parties proceeded to a trial of the cause.

The state's evidence tended to show that the prosecuting witness was, at the time of the commission of the offense, under the age of fifteen years, and was unmarried; that she accompanied the defendant to a hotel at Seattle on January 18, 1909, where they registered as "F. E. Bradley & wife, Port Townsend," and where both were assigned to a single room; that on January 20, 1909, they appeared at a hotel in Anacortes where they registered as "F. E. Biggs & wife, New York," both again being assigned to a single room in which there was but one bed; that they occupied this room together from January 20, 1909, to January 26, 1909, until about 7:30 o'clock in the morning, at which time the defendant was arrested, he being taken from the bed then occupied by himself and the prosecuting witness. It was further shown that a physical examination was made of the girl a few days after the arrest of the defendant, by a physician, who testified that her vagina then bore evidences of recent penetration.

The jury returned a verdict of guilty, on which the de-

fendant was sentenced to the penitentiary for a term of years. This appeal was taken therefrom.

It is contended that the court erred in not requiring the state to select some specific act occurring upon a specific date, as the act he expected to rely upon for a conviction, but we think there was no error in this respect. But one offense was charged and but one attempted to be proven, and the defendant was not deprived thereby of any defense he sought to make to the charge.

The remaining assignments go to the sufficiency of the evidence. It is contended that the evidence is insufficient because there is no direct evidence of the overt act. But this was not necessary. The crime of rape, like other crimes, may be proven by circumstantial evidence. If this were not so there never could be a conviction for the crime where the victim of the crime refused to testify, or became incapacitated from so doing between the time of the commission of the offense and the time of the trial of the accused. The circumstances shown in the case before us certainly warranted the jury in reaching the conclusion that the defendant was guilty of the offense charged against him. Credulity, no doubt, may take a wide range, but it would be extending it far indeed to believe that this record contains no evidence tending to prove that the appellant had carnal knowledge of the body of the prosecuting witness at the time and place designated in the information.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.