[No. 8779.   Department Two.   June 21, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. MAX THUNA, *Appellant*.[1]

PROSTITUTION—COMMON PROSTITUTE—DEFINITION.    To constitute one a common prostitute under Rem. & Bal. Code, § 2440, making it a crime to live with or accept the earnings of a common prostitute, it is not essential that she submit herself to sexual intercour·e for gain (RUDKIN, C. J., CHADWICK, GOSE AND MORRIS, JJ., dissenting).

CRIMINAL LAW—EVIDENCE—PROOF OF OTHER CRIMES—ADMISSIBILITY.  In a prosecution for living with a common prostitute, letters showing that the accused had been living with the woman and that she was a prostitute for hire, are not inadmissible because they show that the accused had committed other crimes.

PROSTITUTION—LIVING WITH PROSTITUTE—INFORMATION—TIME OF OFFENSE—SUFFICIENCY.  An information for living with a common prostitute is not insufficient because it charges the offense to have been committed on a single day instead of charging a continuing offense; since so living for one day with intent to continue the relation constitutes the offense.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 7, 1910, upon a trial and conviction of the crime of living with a common prostitute. Affirmed.[2]

*Brightman & Tennant*, for appellant.

*George F. Vanderveer* and *Jerold Landon Finch*, for respondent.

MOUNT, J.—This appeal is prosecuted from a judgment upon conviction of the crime of living with a common prostitute, alleged to have been committed on December 30, 1909. Appellant argues that the court erred in defining a common prostitute as follows:

"A common prostitute is a woman who offers her body to an indiscriminate intercourse with men.   Intercourse con-

[1]Reported in 109 Pac. 331; 111 Pac. 768.

[2]NOTE:  Withheld from publication pending rehearing.—REP.
    44—59 WASH.

fined exclusively to one man does not make a woman a common prostitute. If a woman by words or acts or by any device invites and solicits and submits to indiscriminate intercourse, she is a common prostitute. Whether a woman is a common prostitute is a question of fact which does not depend alone upon the number of persons with whom she has had illicit intercourse, nor does it depend alone upon the question of whether she submits herself for gain. Her avocation may be known or inferred from the manner in which she plies it. The jury are to consider her general conduct and all other circumstances, if any are shown by the evidence in the case, tending to show whether or not she so holds herself out to the public."

It is contended that this instruction is erroneous because it states that the fact that a woman is a common prostitute does not depend alone upon the question whether she submits herself for gain. Several definitions by textwriters and several cases are cited, which say in substance that a common prostitute is a female given to promiscuous sexual intercourse for the sake of gain.

While we are of the opinion that the sake of gain is probably the most usual motive, it is not the only one, and it is not necessarily essential to constitute a common prostitute. A woman who submits herself to indiscriminate sexual intercourse with men, without hire, is certainly as much a common prostitute as one who does so solely for hire. In *State v. Clark*, 78 Iowa 492, 43 N. W. 273, the court said:

"Counsel, if we understand him correctly, thinks that prostitution consists in sexual commerce for gain. It is sometimes so defined, but we think if a woman submits to indiscriminate sexual intercourse, which she invites or solicits by word or act, or any device, she is a prostitute. Her avocation may be known from the manner in which she plies it, and not from pecuniary charges and compensation gained in any other manner."

See, also, *State v. Rice*, 56 Iowa 431, 9 N. W. 343; *State v. Nixon*, 18 Vt. 70, 46 Am. Dec. 135. The court therefore did not err in this instruction.

It is also argued that the court erred in receiving in evi-
dence certain letters written by the appellant to a friend,
because such letters showed that the appellant was guilty of
other crimes beside the one charged, and also because some
of these letters did not show that the appellant was living
with the woman referred to therein. Certain of the letters
did show that the appellant was guilty of other crimes, but
they also showed conclusively that the appellant had been
for some time living with the woman; that she was a common
prostitute for hire, and that appellant knew the facts. The
letters were, therefore, clearly admissible as evidence upon
this charge. It is true that other crimes may not be shown
for the purpose of conviction upon the one charged, but these
letters showed guilt of the crime charged and were therefore
competent. They were not to be excluded entirely because
they at the same time contained admissions of other crimes.
Certain of the letters made no further reference to the woman
than "Lilly sends regards," but this statement was some evi-
dence of the fact that "Lilly" was present at the time the
letters were written, and was occupying the same relation to
the appellant that she had theretofore established.

It is next argued that the information is insufficient, be-
cause it charged the appellant with living with a common
prostitute on one day only, to wit, on December 30, 1909,
and that to live with implies that the parties shall dwell to-
gether for some considerable period of time, and the informa-
tion to be sufficient should have charged an offense as having
been committed between certain dates. The argument is
sound that the offense of living with a prostitute is a con-
tinuing offense, and it may be charged as such between cer-
tain dates. But it does not follow that it may not be charged
upon a particular day. The fact that the parties lived to-
gether for one day is sufficient, if it is shown that they were
doing so with an intention of remaining together. The proof
in this case is clear that the woman was a common prostitute

for hire, and that appellant lived with her on that day and for months prior thereto in violation of decency and law.

There is no error in the record, and the judgment is therefore affirmed.

CROW, PARKER, and DUNBAR, JJ., concur.

RUDKIN, C. J. (dissenting)—The information in this case was filed under section 2440, Rem. & Bal. Code, which provides, among other things, that "every person who shall live with or accept any earnings of a common prostitute," shall be punished by imprisonment in the state penitentiary. The generally accepted definition of a common prostitute is a woman given to promiscuous sexual intercourse for hire or gain. *Commonwealth v. Cook*, 12 Metc. (Mass.) 93; *State v. Gibson*, 111 Mo. 92, 19 S. W. 980; *Davis v. Sladden*, 17 Ore. 259, 21 Pac. 140; *Springer v. State*, 16 Tex. App. 591; *State v. Ruhl*, 8 Iowa 447; *State v. Stoyell*, 54 Me. 24, 89 Am. Dec. 716.

It occurs to me that the legislature had this class of prostitutes in mind when it enacted the above section, else why refer to their earnings. I am therefore of opinion that the instruction complained of was erroneous and calls for a reversal of the judgment. If the woman was not a common prostitute, as thus defined, the appellant is guilty of another and lesser offense, for which he should be prosecuted and punished.

## ON REHEARING.

[*En Banc.* November 19, 1910.]

PER CURIAM.—A hearing *en banc* was granted in this cause, but after a reargument a majority of the court are of opinion that the judgment should be affirmed, and it is so ordered. From this conclusion Rudkin, C. J., and Chadwick, Gose, and Morris, JJ., dissent, for the reasons stated in the dissenting opinion heretofore filed by the chief justice.