[No. 17702.  Department Two.  March 22, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. HERBERT
WILLIAMS, *Appellant*.[1]

INCEST (6)—EVIDENCE—DATE OF OFFENSE—SUFFICIENCY. The date
of the commission of incest, charged as frequently and habitually
committed over a considerable time, and elected as on or about
January 15, is sufficiently proven by evidence that it was committed
every three or four days beginning before and ending after the date
named.

SAME (6)—RELATIONSHIP—EVIDENCE—SUFFICIENCY. In a prose-
cution for incest committed with accused's daughter, the relation-
ship is sufficiently proved by evidence of the death of the mother,
and that accused was the father, living with his motherless children,
all constituting a family group, although there was no proof of
accused's marriage, especially where accused failed to stand upon
his motion for a discharge, and upon his defense admitted the re-
lationship.

SAME (2)—ELEMENTS OF OFFENSE—RELATIONSHIP. Where, in a
prosecution for incest, the prosecuting witness is admitted to be a
daughter, it is immaterial whether she was a legitimate or an il-
legitimate daughter.

CRIMINAL LAW (182) — VENUE — EVIDENCE — SUFFICIENCY. The
venue of an offense in K. County is sufficiently proved by testimony
of the accused that his home (where the crime was committed) was
at K. Lake in K. County.

EVIDENCE (4)—JUDICIAL NOTICE—GEOGRAPHICAL FACTS. Where it
is a matter of common knowledge that K. Lake is in K. County, the
court will take judicial notice of the fact.

Appeal from a judgment of the superior court for
Kitsap county, French, J., entered June 10, 1922, upon
a trial and conviction of incest.  Affirmed.

*Bryan & Garland*, for appellant.

*Ray R. Greenwood*, for respondent.

TOLMAN, J.—Appellant has appealed from a convic-
tion on the charge of incest.  He urges as ground for
reversal:

[1]Reported in 213 Pac. 921.

(1) That there was not sufficient evidence of the act charged to go to the jury. A careful reading of the evidence offered by the state convinces us that it was ample to carry the case to the jury and to sustain the verdict of guilty.

(2) That the date of the alleged crime was not proven. The state offered evidence to the effect that the act constituting the crime was committed frequently and habitually over a considerable period of time, and then elected to rely for conviction upon a date specified as "on or about the 15th day of January, 1922." The prosecuting witness testified that the act was committed every three or four days over a period beginning some time prior to this date and ending afterwards, but could not say positively that there had been such an act on the exact day named. We deem this sufficient. *State v. Biggs,* 57 Wash. 514, 107 Pac. 374.

(3) It is claimed that the failure of the state to prove the marriage between appellant and the mother of the prosecuting witness, and that she was therefore his legitimate daughter, is fatal. The relationship between the parties was a fact like any other fact, to be proven to the satisfaction of the jury. The state, by its information, alleged that the prosecuting witness was then and there the daughter of the accused, and followed with proof of the death of the mother, and that the appellant was the father and lived with his motherless children, all constituting a family group. The fact that the appellant was the father was not questioned, but was more strongly established by cross-examination, and the evidence thereof was sufficient to go to the jury at the close of the state's case. On his defense, appellant clearly admitted the relationship, and, if there had been anything wanting in the state's case, it might very well be held that the rule so often

applied in civil cases should apply here, and having failed to stand on his motion for a discharge, or directed verdict at the close of the state's case, all of the facts shown in the entire case must now be considered. We cannot take kindly to the idea that, if there was no marriage between the parents proven, then the prosecuting witness must be assumed to be illegitimate, and therefore that she had no relations in the eye of the law, no father, and sexual intercourse between her natural father and herself would not be incest. She was at all times acknowledged as a daughter, and the presumption must be that she was a legitimate daughter of the accused, and if she were a daughter in fact, whether legitimate or illegitimate, intercourse would constitute the crime of incest. *Wadkins v. State,* 58 Tex. Cr. 110, 124 S. W. 959.

(4) It is claimed that the state failed to prove the venue. It is true that there was no direct testimony to the effect that the act was committed in Kitsap county. The testimony on the part of the state was to the effect that the crime was committed in the home of the accused at Kitsap Lake. If we are to disregard the voluntary testimony of the appellant, who fixed that home as being at Kitsap Lake, Kitsap county, and that of one of his character witnesses, who likewise located the home, where the alleged crime was committed, in such a way that it could not be outside of the limits of Kitsap county, which, as already indicated, we are not disposed to regard as necessary, since appellant did not stand on his motion made at the close of the state's case, still it appears to be a matter of common knowledge that Kitsap Lake is in Kitsap county, and if that be true, then we must take judicial notice of the fact. 18 R. C. L. 1080. We think the venue was sufficiently proven under the rule which

has long been followed in this state. State v. Fetterly, 33 Wash. 599, 74 Pac. 810; State v. Gilluly, 50 Wash. 1, 96 Pac. 512; State v. Chin Sam, 76 Wash. 612, 136 Pac. 1146; and State v. Dooley, 82 Wash. 483, 144 Pac. 654.

Finding no error, the judgment appealed from is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.