[No. 27199. Department One. September 6, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v.
L. L. BOYLES, *Appellant*.[1]

'Reported in 82 P. (2d) 575.

*Ronald Moore,* for appellant.

*Shirley R. Marsh* and *H. Jerard Imus,* for respondent.

HOLCOMB, J.—Appellant was prosecuted in the lower court on an information charging him with two counts of sodomy. In count one he was charged with that crime committed on one Dale Fiscus on or about April 6, 1936. In count two, he was charged with that crime committed on one Ivan Johnson on or about July 8, 1937.

On the trial, he was convicted by the jury on count one, and acquitted on count two. From that conviction and sentence thereon he appeals.

Appellant assigns the following errors: (1) In denying appellant's motion to require the prosecuting attorney to elect upon which of the two counts set out in the information he would go to trial; (2) in refusing to grant appellant a continuance in the trial of count one at the time of the state's election to change the date upon which it would seek a conviction on that count; (3) in admitting the testimony of the witness Dale Fiscus as to a complaint made three months subsequent to the date of the alleged crime; (4) in admitting evidence of acts subsequent to the date upon which the state elected to seek a conviction; (5) in permitting an attempt to impeach appellant as to acts subsequent to the date elected for conviction; (6) in permitting improper comment by the deputy prosecutor with reference to acts subsequent to the date elected by the state; (7) in refusing to grant his motion for a directed verdict; (8) in denying the motion for mistrial; and (9) in denying his motion for a new trial.

It will be noted that no complaints are made of the instructions given or refused by the trial court.

As to the first assignment, appellant candidly

concedes that, under our statute [Rem. Rev. Stat., § 2059 (P. C. § 9272)], permitting the joinder of two or more acts or transactions of the same class of crime or offenses, the joinder of these counts is permissible, as held in *State v. Brunn*, 145 Wash. 435, 260 Pac. 990; *State v. Tranchell*, 164 Wash. 71, 2 P. (2d) 64; and *State v. Ficklin*, 190 Wash. 168, 67 P. (2d) 897.

Appellant argues that, since these counts related to different dates and different persons as prosecuting witnesses, the inclusion of evidence as to count two prejudiced him in his defense, so that he did not have a fair trial as to count one.

The record shows that, at the beginning of the trial, counsel for appellant asked the court to require the prosecutor to state if the dates charged in count one and count two of the information were the specific dates upon which he sought to obtain conviction. The court stated that he assumed that the dates mentioned were sufficient for the purpose. The prosecutor then stated that it was his expectation that the dates charged were correct, but that the usual rule would apply here, that the information and proof would be matters to be shown later as the proof went in. The court then stated that the date charged would be the date until there was evidence of confusion, and then the motion made by appellant would be timely, but the court would assume that the alleged dates were correct.

During the trial, the state introduced evidence by the prosecuting witness under count one to the effect that the consummated act was committed on April 3, 1936, in a store in which appellant had a part interest in Longview, Washington. The boy also testified that, on April 6, 1936, appellant proposed to commit another act, but nothing was done. He testified that he continued to work for appellant for nearly a year and a half longer, and no advance of a similar nature was

ever made thereafter. Over objection of counsel for appellant, he was allowed to testify that he made complaint to his parents of the act of appellant about three months after it occurred.

On this testimony, the state was required to elect, and did elect, to rely on the date when the consummated act occurred, April 3, 1936.

After such election, the court peremptorily charged the jury, upon objection by counsel for appellant during the argument when the deputy prosecutor made an allusion to April 6, 1936, that the jury should not consider any acts subsequent to April 3, 1936.

It is manifest that the court did not err in the manner in which he required the election by the state, and that appellant could not have been prejudiced by the incidental allusion by the deputy prosecutor in his argument, which was immediately stopped by the trial court.

To this effect is *State v. Oberg*, 187 Wash. 429, 60 P. (2d) 66, where the accused was charged with three separate counts of sodomy. Counts one and two charged that crime as to different boys and on different dates, and count three on a third boy on an entirely different date. As to that count, the boy became confused as to the date, and at the conclusion of the state's evidence that count was dismissed by the trial court for that reason. The jury found the defendant guilty on each of the other two counts. Among other things, we there said:

"In our opinion, if the court committed any error at all, with respect to count three, it was in withdrawing that charge from the jury."

So here, although the trial court did not withdraw the Johnson count from the jury, in the case of the Johnson charge the jury, evidently, weighing the testimony of appellant and his witnesses, resolved the question in favor of appellant.

■ We have examined the record as to both counts with care from the statement itself, and are of the opinion that it would have been error to withdraw the charge of the count as to the Johnson boy, who, although a man twenty-six years old, was of weak mentality, never having gone further than the fourth grade in school when seventeen years of age; and the jury were justified in not believing his testimony.

It is very different with the Fiscus boy. He was a junior high school student, and his testimony was straight, positive, credible, and in all respects consistent. It would have been error for the trial court to have granted the motion of appellant for a directed verdict or to have granted a mistrial.

■ The phase of this case which is most difficult to decide is in allowing the testimony of the prosecuting witness Fiscus as to the complaint made three months subsequent to the date of the alleged crime. He testified that his reason for not making complaint sooner was that he was ashamed of himself for doing it, and did not want to tell.

Contrary to the contention of respondent, the objection made by counsel for appellant was sufficient to preserve this error, that objection being that the testimony was incompetent, irrelevant, immaterial, and not proper evidence. It does not, therefore, fall within the rule stated in *State v. Spangler,* 92 Wash. 636, 159 Pac. 810; *Seattle v. Hewetson,* 95 Wash. 612, 164 Pac. 234; *State v. Claughton,* 153 Wash. 473, 279 Pac. 734, that such objection was not sufficient to preserve the question that the evidence offered was not the best evidence.

However, the boy was a young junior high school pupil who had recently come to this state and to that county, and had probably not met many people. He naturally would be ashamed and reluctant to tell any-

one about such revolting acts. The details of the testimony are revolting even to a matured mind.

In *State v. Griffin,* 43 Wash. 591, 86 Pac. 951, we distinctly held that such complaints, when seasonably made, tend to corroborate the prosecuting witness.

In *State v. Myrberg,* 56 Wash. 384, 105 Pac. 622, we held that it was proper to prove that the injured female made complaint when it was seasonably made; holding a complaint to be seasonably made when made possibly fifteen or twenty days after the commission of the offense.

In the *Griffin* case, *supra,* complaint was not made by the injured female until after "months of inexcusable delay" between the time of the commission of the crime and the time complaints were made, which were not made spontaneously, but in pursuance of a scheme to manufacture testimony.

We have also held that it is proper in a case of sodomy to prove by the complaining witness that the crime was committed upon him. *State v. Beaudin,* 76 Wash. 306, 136 Pac. 137.

In most of the cases relied upon by appellant holding that the complaint was not seasonably made and should have been excluded from the consideration of the jury, the testimony in question was that of third persons testifying as to what the complaining witness told them.

In this case, the only testimony was that of the prosecuting witness as to the complaint. It was direct evidence. No third person was called to testify that Fiscus had complained to him. It was proper for him to tell what action he took respecting this crime, and it was in no sense hearsay evidence.

The credibility of the complaining witness and of appellant were resolved by the jury in favor of the complaining witness. We are not prepared to say that

the admission of this evidence of the complaint was so erroneous as to be prejudicial to appellant.

█ Appellant also complains that it was error for the court to refuse to grant him a continuance in the trial of count one at the time of the state's election to change the date on which it sought to convict him on this count.

It is argued that, in such crimes, the state should be required to fix the date with reasonable certainty, and that the general rule should not apply in that type of cases. It seems, however, that this rule is applied more frequently in "sex cases" than in any other kind. *State v. Biggs,* 57 Wash. 514, 107 Pac. 374; *State v. Williams,* 124 Wash. 160, 213 Pac. 921; and *State v. Oberg, supra.*

Furthermore, the matter of granting a continuance in such a case generally rests in the sound discretion of the trial court under all of the circumstances. *State v. Odell,* 188 Wash. 310, 62 P. (2d) 711. See, also, *State v. Ripley,* 32 Wash. 182, 72 Pac. 1036. It does not appear in this case that the discretion of the trial court was abused.

█ As to error numbered four, if any error occurred in regard thereto, it was cured by the withdrawal of the evidence and by the instruction to disregard it. *State v. Gay,* 82 Wash. 423, 144 Pac. 711; *State v. Presta,* 142 Wash. 539, 253 Pac. 811; *State v. Evans,* 145 Wash. 4, 258 Pac. 845; *State v. Bezemer,* 169 Wash. 559, 14 P. (2d) 460.

What we have said also disposes of the complaint that the court erred in permitting improper comment by the deputy prosecuting attorney with reference to acts subsequent to the date elected by the state.

We have heretofore in this opinion stated that it would have been error for the court to have granted the motion for a mistrial.

Assignment number seven is not argued by appel-

234

lant, and assignment number nine has also been de-
cided by our determination on the merits of the case.

We find no prejudicial error, and the judgment and
sentence must be affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ.,
concur.