[No. 220-3. Division Three. May 5, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM EUGENE GUFFIN, *Appellant.*

*Robert J. McKanna* (of *McKanna, Herman & Herman*), for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Jerry Neal, Deputy,* for respondent.

MUNSON, C.J.—Defendant, William Eugene Guffin, appeals from a conviction for having sold a television set knowing it to be stolen property.

The issue determinative of this appeal is whether the court, in the following colloquy between itself and the foreman after the case had been submitted to the jury, committed reversible error by commenting upon certain evidence:

THE COURT: You had an inquiry to make of the court? MR. NELSON: Yes, as to the charge, we are trying to identify the set and it says a Magnavox color set and there was a question which was actually involved. THE COURT: Of the two exhibits? MR. NELSON: Yes, there is no serial number; one has a handle and one doesn't, one looks like a portable and one a table model. THE COURT: You will have to go back to the testimony as to which of these two sets is the one alleged to be the item sold to the tavern. There is no requirement the Information set out the serial number. The charge only has to state in general language what the item is. When it comes to the trial, the particular item involved you will have to go back to your recollection of the testimony as to which of these two sets the testimony indicated was sold at the

beer parlor. MR. NELSON: It was just a matter of clarification. THE COURT: There is no requirement the serial number be set out in the charge sheet and you will have to go back to the testimony as to which of these sets was involved. I cannot comment on the evidence or I would commit error but I can state this much: With reference to a sale of the set at the tavern, the testimony is not in dispute—both the defense and prosecution testimony is that the set was sold to the tavern but it is necessary for the State to show the set was stolen within the definition set out in the instructions that there was knowledge on the part of the accused that it was a stolen item. MR. NELSON: We just wanted to clarify the fact which set we were referring to. THE COURT: You will have to go back to the testimony. MR. NELSON: We were strictly going on the testimony and the serial number in the testimony and the set identified as to the one sold to the tavern regardless of whether it is listed as a portable or table model. THE COURT: *Yes, the set you are involved with is the set the testimony indicates was sold. In that area there is no dispute but what one of the sets was sold there. That's not in controversy. You may be excused now to the jury room again.*

(Italics ours.)

During trial two television sets were admitted in evidence as stolen items from the burglary of a television store. One was subsequently identified by a witness as a set he had purchased from defendant. Defendant took the stand, admitted to selling the witness *a* television set, but did not identify either of the sets which had been admitted as the one sold. Although the trial court at the beginning of its statement recognized defendant had not admitted to having sold either set, it overstepped the bounds of propriety by the end of the exchange (*cf.* italicized portion of colloquy) in such a fashion as to constitute a comment on the evidence. *State v. Jacobsen,* 78 Wn.2d 491, 495, 477 P.2d 1 (1970); Const. art. 4, § 16.

However, the "dispute", if it can be called that, is an imagined one. While defendant urges as error the admissibility of one of the sets, on the basis of insufficient identification, there was ample evidence identifying it as a set stolen

in the burglary, sold to the witness, and recovered from him by the police. At the end of the state's case the credibility of the state's evidence was within the province of the jury. Defendant took the stand on his own behalf, admitted he sold a television set to the buyer, but claimed he was selling it for another, without knowledge of its theft, for anything he could get over $200. Consequently, his defense did not go to whether he had sold a particular set but as to the element of his knowledge that the set he sold was stolen. This is an issue entirely unrelated to the claimed comment made by the trial judge.

The test as to whether a prohibited comment requires a new trial is whether the party complaining of the comment was prejudiced by it. *State v. Haye,* 72 Wn.2d 461, 433 P.2d 884 (1967); *Blackburn v. Groce,* 46 Wn.2d 529, 536, 283 P.2d 115, 119 (1955). After a review of the entire record, we are unable to find defendant was so prejudiced by the court's comment. *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968).

Judgment is affirmed.

GREEN and EVANS, JJ., concur.