[No. 331-41665, 41666-3. Division Three. August 3, 1971.]

The State of Washington, *Respondent*, v. Johnny Funches *et al.*, *Appellants*.

*Clifton W. Collins,* for appellants (appointed counsel for appeal).

*Paul Klasen, Prosecuting Attorney,* for respondent.

MUNSON, C.J.—On April 3, 1970 the prosecuting witness was arrested for soliciting at Wheeler, Washington. The arresting authorities subsequently discovered she was 15 years of age. As a result, on April 17, 1970 an information was filed against Johnny Funches and Janis J. Spijener alleging they: (1) compelled the prosecuting witness to live a life of prostitution; (2) accepted her earnings as a common prostitute; and (3) aided and abetted in the carnal knowledge of a female child under the age of 18 years. Funches was also charged separately with: (4) living with a common prostitute, Janis J. Spijener; and (5) assaulting the prosecuting witness. Defendants were convicted of the three charges against them and Funches was convicted of (4) above but acquitted of (5). Defendants' appellate counsel did not participate in their trial.

SUBSECTIONS (1) AND (5) OF RCW 9.79.060
DO NOT CONSTITUTE SEPARATE CRIMES

 Defendants contend the various subsections of RCW 9.79.060[1] involve different ways of committing the same

---

[1] "Placing female in house of prostitution—Pimping. Every person who—

"(1) Shall place a female in the charge or custody of another person for immoral purposes, or in a house of prostitution, with intent that she shall live a life of prostitution, or who shall compel any female to reside with him or with any other person for immoral purposes, or for the purpose of prostitution, or shall compel any such female to reside in a house of prostitution or to live a life of prostitution; or

"(2) Shall ask or receive any compensation, gratuity or reward, or promise thereof, for or on account of placing in a house of prostitution

crime. Thus the information alleging counts (1) and (2) above is duplicitous. While an arguable case may be made for the duplicity of subsections (1) and (2) of the referred to statute (see *State v. Basden,* 31 Wn.2d 63, 196 P.2d 308 (1948)), the gravamen of the offense alleged under subsection (1) is the placing of a female in a prostitution-inducing situation and the gravamen of the offense defined under subsection (5) is the accepting of the earnings of a common prostitute irrespective of a placing or compelling.

The test, as stated in *State v. Hennessy,* 114 Wash. 351, 356, 195 P. 211 (1921), is

> to determine whether the act charges and the statute defines more than one crime or whether it defines a single crime which may be committed in a number of different ways is whether there is a readily perceived connection between the things charged.

■ Here, one count deals with compelling the prosecuting witness to live in a brothel while another count alleges receiving earnings from the prosecuting witness—a common prostitute. The two counts are not necessarily reasonably connected. Although under the continuing factual relationship in this case they were connected, it is not necessary that they be. We believe subsections (1) and (5) of RCW 9.79.060 set forth separate crimes rather than only one crime which may be committed in different ways.

### Evidence Supports the Charge of Aiding and Abetting Carnal Knowledge

■ Defendants contend there was no specific evidence of one element of carnal knowledge, *i.e.,* sexual penetration, and absent such there was nothing upon which to base the jury's conviction for aiding and abetting same.

While the record does not disclose any direct evidence

---

or elsewhere any female for the purpose of causing her to cohabit with any male person or persons not her husband; or

"...

"(5) Shall live with or accept any earnings of a common prostitute, or entice or solicit any person to go to a house of prostitution for any immoral purpose; ..."

relative to a slight sexual penetration of the prosecuting witness, the record is replete with circumstantial evidence of same. The prosecuting witness testified to over 100 acts of prostitution, which she defined as going to bed with men; she further testified that she was the "best in town". A physician testified the prosecuting witness was brought to him by defendant Spijener, posing as the prosecuting witness' sister and guardian, for birth control pills with the explanation that the prosecuting witness was having frequent sexual intercourse. The prosecuting witness testified that defendant Funches provided the place and opportunity for her to "work" and to his receiving compensation therefrom either from her or her client. Circumstantial evidence is sufficient to meet the requirement of penetration. *State v. Thorne*, 43 Wn.2d 47, 260 P.2d 331 (1953); *State v. Gay*, 82 Wash. 423, 144 P. 711 (1914); *State v. Biggs*, 57 Wash. 514, 107 P. 374 (1910). An instruction defining circumstantial evidence was given and no exception taken. We find no error.

### CALLING AN UNLISTED WITNESS

Although a list of defense witnesses was not presented to the trial court, the defense attempted to call two witnesses. One had previously testified during the state's case and was allowed by the court to testify when called by the defense. The other prospective witness was not allowed to testify. The record discloses that neither the name of the latter individual nor an offer of proof as to what he would testify was presented to the court. In fact, trial counsel stated the evidence would be offered only to corroborate or confirm the testimony of the former.

Leave for calling an unlisted witness lies within the sound discretion of the trial court and should not be overruled save for a manifest abuse of discretion. *State v. White*, 74 Wn.2d 386, 444 P.2d 661 (1968).

During colloquy on this point the court remarked to defense counsel: "I know how you can get them before the court but I am not going to tell you." Such remark was

extraneous, unnecessary and not in keeping with our view of the relationship between the judiciary and trial counsel. We find no abuse of the trial court's discretion in its ruling, but we urge the trial bench to refrain from similar type remarks. Justice can only be achieved when the performance of judicial duties is done in such a manner that the parties before the court can, through their senses, perceive their positions have been fairly considered by the court. The appearance of having performed justice is an important element of its performance—the two go hand in hand. The instant remark was made out of the presence of the jury, but in open court when the defendants were present. It contributed nothing to the judicatory process, and while it might have detracted therefrom, it did not have any bearing on the outcome of the trial.

## Concerning Comment on the Evidence

During the course of the prosecuting witness' testimony the court stated: "There is a juror there who can't hear you. Nobody is going to harm you here. Speak up." Defendants contend this is a constitutionally prohibited comment upon the evidence.

While the circumstances under which the prosecuting witness was testifying may in the abstract allow for an interpretation that the court believed the prosecuting witness' testimony concerning the alleged assault and attempted to allay her fear of defendant Funches, our review of the entire record does not support a claim of resulting prejudice. Therefore, we find no error. (See State v. Guffin, 4 Wn. App. 947, 484 P.2d 448 (1971); State v. Haye, 72 Wn.2d 461, 433 P.2d 884 (1967); Blackburn v. Groce, 46 Wn.2d 529, 536, 283 P.2d 115 (1955).)

## Adequacy of Counsel

Defendants contend they were denied a fair trial because of the inadequacy of trial counsel. Our examination of the record in the instant case does not disclose questionable conduct sufficient to bring into play the rule set forth in

*State v. Keller,* 65 Wn.2d 907, 908, 400 P.2d 370 (1965) quoting from *State v. Mode,* 57 Wn.2d 829, 833, 360 P.2d 159 (1961):

It is only when the incompetence or neglect of a lawyer, either appointed or employed to defend one charged with crime, results in the violation of a constitutional right by reducing the trial to a farce that a new trial will be granted.

Primarily two grounds are urged: (1) failure to submit instructions; and (2) failure to file a list of witnesses. As to (1), we do not consider this as a compelling ground to show inadequacy or incompetency. Most criminal instructions are "fairly stock". Furthermore, no showing has been made as to what instructions should have been, but were not, submitted to the trial court by defense counsel. As for (2), we again point out no one has offered any proof of what any unlisted witness would have testified to that was not already of record. We find no merit in defendants' claim of inadequacy in their trial counsel's representation.

COMPELLING THE PROSECUTING WITNESS TO LIVE A
LIFE OF PROSTITUTION AND REGARDING FUNCHES
LIVING WITH A COMMON PROSTITUTE

These assignments go primarily to the propriety of instructions which encompass the charge against defendants for compelling the prosecuting witness to live a life of prostitution and the charge against Funches for living with a common prostitute. Defendants have not set forth the pertinent instructions in their opening brief and these contentions will not be considered. CAROA 42 and 43. Our review of the record, however, convinces us there is sufficient evidence to support the jury's verdict. *State v. Thuna,* 59 Wash. 689, 109 P. 331, 111 P. 768 (1910).

■ Defendants filed pro se briefs in addition to the briefs of counsel. We have examined them and with one exception find the errors alleged therein identical in import with those of counsel already discussed. The only additional issue raised is the state's failure to bring defendants

before a magistrate for a preliminary hearing or afford them an appearance in justice court. Such is not a requirement in this state. *State v. Jefferson*, 79 Wn.2d 345, 347-50, 485 P.2d 77 (1971).

Judgment affirmed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied September 22, 1971.

Review denied by Supreme Court November 23, 1971.